BAZEL WHEAT vs. THOMAS G. DAVIDSON — Writ of Error from Fort Bend County.

Judgment by default may be taken, not only on the second day of "the meeting of the court," but on any subsequent day before appearance or answer. [4 Tex. 305; 6 Tex. 227.]

Three entire days must intervene between the respective days on which may be entered the judgment by default *nisi* and the final judgment.

Until final judgment shall have been entered after the expiration of three entire days after the interlocutory judgment by default, the answer ought to be received.

The plaintiff in error was defendant in the court below.

The process in that court was returned duly served at the term which commenced on the 19th day of September, 1846. On the 21st of the same month, being the *third* day of the term, judgment was taken by default; and on the 24th, being the *sixth* day of the term, and the defendant not having answered, a final judgment by default was taken. On the same day, but after the final judgment had been entered, the de-

fendant's counsel offered to file his answer, which the court refused to entertain, and the defendant prosecuted this writ of error.

*Sullivan*, for plaintiff in error, contended:

1st. That the court erred in rendering judgment by default on the third day of the term, instead of the second.

[197] 2d. That even admitting the default was properly taken on the third day of the term, it was error not to have permitted the defendant to answer any time during the sixth day of the term.

*Herndon*, for defendant in error, in reply to the first point, contended that the statute requiring judgments by default to be entered on the second day of the meeting of the court was merely directory, and did not prohibit the entry of such judgments after that day.

In reply to the second ground of error above assigned, he argued that the entry of the judgment final by default, being made on the fifth day after the meeting of the court, was in strict compliance with the statute, and the defendant, not having previously answered, could not be permitted to do so afterwards. He cited the cases of Hollis & Love v. Francois & Border, and O'Connor v. Towns, 1 Tex. 118 and 107.

Mr. Justice WHEELER, after stating the facts of the case, delivered the opinion of the court.

Two questions are presented for our consideration. 1st. Was it allowable to take judgment by default on the third day of the term? and 2d. Judgment by default not having been taken on the second day, was it lawful to enter judgment final on the sixth day of the term?

The answer to these questions must depend upon the true import and meaning of sections 23 and 24 of the act of 1846, " to regulate proceedings in the district courts." Acts 1846, 369, 370.

The 23d section provides for taking judgment on the second day of the meeting of the court; and the 24th section provides for making " such judgment by default " final, " if the defend-

ant does not file his answer before the fifth day after the meet-ing of the court."

The meeting of the court will be presumed to be on the first day of the term, when, as in the present case, it does not other-wise appear from the record.

[198] Upon the first question, we concur in the view pre-sented by the counsel for the defendant in error. We think that the omission or inability of the plaintiff to ask, or the court to enter judgment on the second day, should not pre-clude him from afterwards obtaining it at any time before the appearance of the defendant. We do not think the expression in the statute of the second day was intended as a prohibition as to any subsequent day, since such a construction would be to defeat the manifest intention of the statute, which was, to enable the plaintiff to recover judgment against a defendant who should refuse or neglect to appear and answer. And the rule is, that " the real intention when actually ascertained will always prevail over the literal sense of terms." 1 Kent, 462. And surely it ill becomes a defendant to complain that greater favor and indulgence were allowed him than, by the strict let-ter of the law, he was entitled to demand.

In the case of Hollis & Love v. Francois & Border, 1 Tex. 118 (a case in which I did not sit), this court decided that judgment final, by default, cannot be taken before the sixth day of the session. There the interlocutory judgment had been taken on the second day of the term. Had that been done in this case, the judgment would have been regular and conformable to that decision. Then the defendant would have had three entire days between the interlocutory and final judgment, within which to answer. But two, however, were allowed him; and the question is, was this regular and legal?

By the terms of the 24th section, "such judgment by de-fault " is meant a judgment taken, as provided in the preceding section, on the second day, and bearing a certain and *definite relation* to the final judgment. In that relation the material circumstance is *time;* and that is material only as securing a *right* to the defendant; that is, the right of a certain time

*after* a default *nisi* within which to answer; and agreeably to the decision referred to, *that time is three entire days between the days on which may be rendered the interlocutory and final judgment.*

[199] Had not the object been to give time to answer *after* a default *nisi*, why did the law fix the *second*, rather than the third, fourth or fifth day of the term for taking the default? Or, for what other purpose does it require any interlocutory judgment to be taken; since the defendant would have had the same time to answer without, as he now has with such interlocutory judgment?

If such was not the object, the provision is idle and nugatory which requires a default *nisi* to be taken. But the object seems to have been to give a party ample notice, and public warning of the necessity of making his defense, if he have any, before he shall have been concluded by final judgment, and deprived of the privilege of thereafter asserting his rights. If, as contended, the default *nisi* is to be regarded as having the effect only of a rule upon the defendant to plead or answer, then most assuredly he ought to be allowed time to comply with the rule. To enter a rule of court, requiring a party to answer, and denouncing the consequence of final judgment upon his non-compliance, and then to proceed to visit the consequences without allowing time for compliance, would not well comport with our ideas of the administration of *justice*. A construction of the statute leading to such a consequence must be rejected, even did it seem favored by the strict letter of the statute, upon the principle of the authority quoted, that "the reason and intention of the law-giver will control the strict letter of the law, when the latter would lead to palpable injustice, contradiction and absurdity." 1 Kent Com. 462. That the consequence of the construction contended for would be such as we have supposed is manifest, since it would sanction the judgment by default, as well on the fourth or fifth as on the second day, and indeed at any time up to the moment of final judgment, thus giving no time between the interlocutory and final judgment for the defendant to make his defense.

(181)

But the letter of the statute does not, it is conceived, admit of this construction.

[200] The 24th section, proceeding upon the supposition that a default has been regularly taken on the second day as authorized in the preceding section, provides that "*such* judgment by default" may be *made final*, etc.; "*such* judgment," then, obviously is *the judgment* previously taken on the second day of the session of the court — not *a* judgment, or *any* judgment, taken on any preceding day or moment of the term; and it is a *judgment by default* which is authorized by the 24th section to be *made* final; not a final judgment to be *taken* in the first instance. So that if a construction of the statute strictly literal were to govern, it would seem rather to favor the conclusion that unless the judgment *nisi* had been taken on the second day, no final judgment by default could be taken, a proposition, as we conceive, too repugnant to the manifest object and intention of the act and the uniform understanding and practice of the courts to be seriously entertained. It was intended, we doubt not, to give time to answer *after* the judgment by default *nisi*, which, it was assumed, would be taken on the second day of the court. According to the decision before noticed, the correctness of which we see no cause to doubt, this judgment may be made final on the sixth day. And here we are given *data* from which to derive an intelligible rule — and the only rule at which we have any means afforded of arriving — that the time intended to be allowed the defendant to answer, after the interlocutory and before final judgment, is a period equal to the time between the 2d and 6th days of the session of the court; that is, three entire days. And this, whether the judgment *nisi* was entered on the third, fourth or any subsequent day of that or any subsequent term. It was the privilege of the plaintiff to have his judgment by default on the second day of the meeting of the court. It was his own neglect if it was not taken. The judge was under no obligation, *ex officio*, to inspect the process to see in what cases service had been made, and to enter judgment not sought, nor, perhaps, desired by parties. It was his duty to

[201] call the docket and to enter judgment only at the instance of the plaintiff and where process had been legally served. If he omitted to do so, it was the right of the plaintiff to direct his attention to the fact and take his judgment, which would be entered of course. But if the plaintiff has not himself been diligent and vigilant in the prosecution of his rights, surely that ought not to affect the rights of the defendant. That party to whom the *laches* attaches ought to abide its consequences.

If, as intimated, the plaintiff was prevented from taking his judgment on the second day of the term, by the failure of the court to sit on that day, the hardship suggested is no greater than in the case, more likely to occur, of the failure of the court to sit on the first day of the term; for in that case, where the term consists of but one week, it is not possible to have final judgment, whatever diligence may be used.

But whether the omission arose from accident or neglect, if not occasioned by the fault of the defendant, it can constitute no reason for denying to him a right intended, as we think, to be secured by the statute.

We are of opinion, 1st. That judgment by default may be taken, not only on the second day of "the meeting of the court," but on any subsequent day before appearance or answer. 2d. That three entire days must intervene between the respective days on which may be entered the judgment by default *nisi*, and the final judgment; and 3d. That until final judgment shall have been entered, after the expiration of three entire days after the interlocutory judgment by default, the answer ought to be received; which having been disallowed in the present case, the judgment must be reversed and the cause remanded for further proceedings.