## John T. Kelly v. Jesse H. Kelly and others.*

A discontinuance, as to all the plaintiffs, is, in effect, a non-suit taken by them, and a judgment of non-suit is the entry which should be made thereon.

Where a discontinuance is thus taken, the court should decline to proceed further with the case, than to enter a judgment of non-suit against the plaintiffs.

Where the plaintiff, by misapprehension of the terms employed, has caused a discontinuance to be entered, the *legal* effect of which is a non-suit, when in fact he contemplated only a discontinuance as to certain parties, and intended not to discontinue as to others, which if properly expressed, would not have operated a discontinuance of the suit, he should, when first informed by the court, of the legal consequence of the entry, endeavor to explain the mistake, and have the correction made. Failing thus to set himself right upon the record, by explanation, retraction, or qualification; and judgment of non-suit having been entered, a motion to set it aside, supported by affidavit, or other evidence, showing either his mistake, or the court's misconception, as to the extent of the discontinuance, will afford a proper remedy. ·

Appeal from Cass.    Tried below before the Hon. William S. Todd.

This suit was brought by the appellant, John T. Kelly, in his own right, and by W. G. Greenhaw and Joseph T. M. Duke, in right of their wives, Sarah Greenhaw and Elizabeth Duke, against Jesse H. Kelly, and Joseph Hambrick, administrator of the estate of Jesse Kelly, deceased, and the other heirs of the said Jesse Kelly, deceased, to set aside and annul a certain instrument purporting to be a deed of gift, conveying to the said Jesse H. Kelly, all the property of which the said Jesse, deceased, was seised and possessed, and under which the defendant Jesse H., claimed and possessed the same.

The petition prayed for an account of the rents and profits of the property, and that the estate might be partitioned and distributed among the heirs of the said Jesse Kelly, deceased. The

* This case was decided at Tyler, May 26th, 1858. A report of it was not made until the present time, for the reasons stated in the note to Blythe v. Speake, *supra.*—Reporters.

plaintiffs averred the heirship of the said John T. Kelly, Elizabeth Duke, Sarah Greenhaw, and of all the defendants, except the said administrator.

During the progress of the suit, the plaintiff, John T. Kelly, amended the original petition, and alleged that he was entitled, by virtue of an assignment to him, to all the interest in said estate which the widow of the deceased owned, in right of her marital relation, by the law of descents and distributions, averring what such interest was; and that he was, in like manner, entitled by assignment, to the interest of James R. Kelly, one of the children of the deceased; and that the instrument of writing, claimed to be a deed of gift, was testamentary in its character, intended as the last will and testament of the deceased, but void in law; and prayed for a distribution of the property. By another amendment, the plaintiff, John T. Kelly, alleged that he owned the interests of all the heirs of said Jesse Kelly, deceased, except that of the defendant, Jesse H. Kelly.

The facts relating to the trial, with a recital of the judgment rendered, are stated in the opinion. The remaining facts need not be stated.

ROBERTS, J.—The judgment in this case, recites, that "the plaintiff discontinues as to Jerry Kelly, J. M. Duke, William Greenhaw and John T. Kelly, plaintiffs," &c.; and these being all the plaintiffs, it was held by the court, as soon, it is presumed, as the question was raised, that there was no case in court, for want of parties. Nor can we say that the court was not right in this determination; for so it appears upon the record. When this discontinuance was thus taken, the court should have declined to proceed further with the case, than to enter a judgment of non-suit against the plaintiffs. Instead of that, however, the court proceeded to adjudicate upon the defendants' exceptions to the amended petition, submit the case to the jury, arrest the plaintiff's evidence for the want of parties to the suit, receive the verdict of the jury in favor of the defendants, and render a judgment in favor of defendants on the verdict against "plain-

tiff, John T. Kelly, assignee of James Kelly and Sarah Wornell,"
and his securities, for costs.

Now it is clear, that if the court was right in arresting the
evidence offered for the plaintiff, because there were no plaintiffs
in court after the discontinuance, all the subsequent proceedings
were wrong, for the same reason. Why did any one insist upon
proceeding with the case after the suit had been discontinued by
all the plaintiffs? This can only be explained upon the supposi-
tion that John T. Kelly, who claimed to be the party having the
entire interest, sought to discontinue the suit, only so far as it
was based on the heirship of himself, and the other three plain-
tiffs who were named, and to retain it in court so far as it per-
tained to his rights, derived from his mother, Mrs. Wornell, and
from his brother, James Kelly. This was not the legal effect of
the discontinuance as it was entered; and if such was his inten-
tion, he should have endeavored to correct it, and have it fully
understood, when he was first informed by the court, that there
were no plaintiffs in court, which was, while he was offering his
evidence. If the court had not permitted him then to have
set himself right upon the record, either by explanation of his
meaning, or a retraction of his discontinuance in part, he
should have desisted from further efforts to proceed in the trial;
and, upon a non-suit being entered, he could have moved to set
it aside, and have supported his motion with affidavits or other
evidence, showing either his mistake, or the court's misconcep-
tion as to the extent of the discontinuance.

The judgment must, therefore, be reversed, as to all the pro-
ceedings subsequent to the discontinuance by the plaintiffs, and
be remanded for further proceedings.

Reversed and remanded.