## E. L. MILLER v. JOHN EARLE.

(No. 3102.)

APPEAL from Jackson County. Opinion by DAVIDSON, J.

FLY & HILL, counsel for appellant.

W. A. McDOWELL, counsel for appellee.

§ **222.** *Dismissal of suit; reinstatement of suit upon conditions; limitation does not run after dismissal, when; Insurance Co. v. Levy, 3 App. C. C., sec. 428, overruled; case stated.* Appellee gave to appellant his promissory note for $303.45, dated May 15, 1885, and due September 15, 1885. · On September 13, 1889, appellant filed his suit in the county court of Jackson county against the appellee on said note. At the January term, 1890, of said court, at the request of the appellee, the cause was dismissed for want of prosecution. · Appellant knew nothing of this dismissal until some time after the adjournment of the court. Upon ascertaining that the suit had been dismissed he filed his motion at the April term, 1890, of said court, to reinstate said cause, upon the ground that he had, or thought he had, an agreement with the defendant's counsel to continue the cause. He stated, among other things, that prior to the January term of the court defendant's counsel had written him (they lived in different counties), requesting an agreement to a continuance of the cause; that he sent said counsel word by a brother attorney that he ·agreed thereto; and that, not having heard anything further about the matter, took it for granted that the cause was continued, and therefore neither he nor his client attended said court. The court granted this motion and reinstated the cause without notice to appellee, and continued the same until the July term of the court, and set it as an appearance case for Wednesday of the first week of that term. At the July term the cause was again continued, and notice of the motion ordered served on the appellee, which was accordingly done. At the October term appellee answered by moving to set aside the judgment reinstating the cause, pleaded limitation and partial payments. The court overruled the motion to set aside the judgment entered reinstating the cause, whereupon the appellee continued the cause. In January following the cause came on for trial again, and

judgment was rendered for appellee on his plea of limitation, and appellant appeals and asks this court to reverse that judgment. Other pleadings are not necessary to be noticed.

The judgments entered at the April and October terms do not impose conditions upon appellant as conditions precedent to the reinstatement of the cause upon the docket; though in the judgment rendered at the January term, following, this language is found: "This case was reinstated on motion of plaintiff at a subsequent term, to wit," at the April term, 1890, "upon the following conditions, to wit: That, the note sued on appearing upon its face to be barred by the statute of limitation, this cause is reinstated upon the understanding that the plaintiff shall upon the trial thereof produce such evidence as will take the case out of the operation of the said statute of limitation; and that, should plaintiff fail to produce such evidence, then and in that event judgment should be rendered for the defendant's answer, to which said understanding, plaintiff, by his attorney, gave consent, and agreed thereto." Appellee had not then answered, and did not answer until October following. Article 1368 of the Revised Statutes provides that "judgments may be set aside or arrested on motion for good cause, on such terms and conditions as the court shall direct." Usually such motions are made during the term at which judgments were rendered, but not always. By the provisions of article 1368, above quoted, it is not a matter of right that judgments will be set aside on motion. It is discretionary with the court, but that discretion is not an arbitrary or personal one, "but is rather an exercise of the equitable discretion of the court upon the presentation of sufficient cause, and then upon such conditions as shall provide adequate penalties and protection for all parties. Whatever conditions are imposed in a reasonable exercise of judicial discretion in setting aside the judgment of nonsuit must be submitted to; but, when these

conditions are complied with, immunity against the judgment exists for all purposes.  There will arise some cases in which such judgments ought to be left in force." [Childs v. Mays, 73 Tex. 76.]  Again, our supreme court say, in the same case: "The purpose of the statute is to preserve rights as they stand when proper equitable considerations exist, or when the court, in the sound exercise of its discretion, may see proper to grant relief within the limits prescribed by the statute, and with imposition of such terms, if the particular case demands them, as will guard against abuse, and adequately protect the rights of other parties."  At the time of the institution of the suit the cause of action was not barred. When the suit was originally brought the statute of limitation ceased to run, and the judgment of dismissal that was set aside can have no such effect as to make it run during the pending of the suit.  When the judgment of dismissal was set aside and the cause reinstated, it stood as if the judgment of dismissal had never been rendered. The "cause" was good, as shown by the motion, and the court did right in setting aside the judgment.

By the judgments of April and October terms of court no conditions were annexed to the granting of the reinstatement.  It is too late at a subsequent term to ingraft conditions of this sort upon such judgment.  The judge is presumed, and it must legally be so, to have the judgments of the court recorded and not carry them around in the mind or breast of the court.  The condition reserved in the mind of the court, and carried about with him in silence for nearly a year, will not be ingrafted upon the case after so long a time by the court of its own suggestion after trial without notice, especially when that reserved condition will defeat the very right already granted and entered as a good judgment of the court. [Wheat v. Davidson, 2 Tex. 199.]  Limitation was arrested in this cause when it was originally brought, and it remained suspended through all of its stages, and is

still suspended. If Insurance Co. v. Levy, 3 Civil Cas. Ct. App., § 428, is in conflict with this opinion, it is to the extent of the conflict overruled. This opinion we believe to be in harmony with the statute cited. Article 1368 is an equitable statute, and relegates the matters therein provided for to the breast and conscience of the court, to be decided by him on the rules of equity. It will be impossible to lay down fixed and determined rules under said article by which courts are to be governed in every case, inasmuch as each case will stand upon the facts attendant upon itself and upon its own merits. The "good cause" must be shown by the motion itself, and will be incidental to the cause upon which the motion is based. Justice and equity to all parties concerned is the only definitely certain rule that can well be laid down or enunciated under the statute. All other matters must be in the motion, or grow out of it, its allegations, incidents and attendant circumstances. It is immaterial that the motion was filed and acted on at a subsequent term of the court. This can be done upon a proper showing, and has been the rule of practice in this state almost from the very organization of our state government. [See Sayles' Civil St., art. 1368, note 11, for authorities collated.] The court erred in rendering judgment for appellee on the plea of limitation. The note was not barred. The reinstatement of the cause was proper, and it would have been error to have refused to reinstate it, and it left the cause as if no judgment of dismissal had ever been rendered. The other questions will not arise on another trial, and are therefore not noticed.

March 4, 1891.　　　　　　Reversed and remanded.