## SOUTHERN PAC. CO. v. HIGGINS OIL & FUEL CO.

(Court of Civil Appeals of Texas. Galveston. Dec. 5, 1912.)

APPEAL AND ERROR (§ 807*)—DISMISSAL—REINSTATEMENT.

Where a long-standing practice of the court permitted a cause to be continued without a docket order or minute entry or request of the parties to the court, and the parties had agreed that the case should be continued from term to term until both parties were ready to try it, it was within the court's discretion, after having dismissed the suit of his own motion, to reinstate the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3177–3188; Dec. Dig. § 807.*]

Error from District Court, Jefferson County; W. H. Pope, Judge.

Suit by the Higgins Oil & Fuel Company against the Southern Pacific Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Orgain & Butler, of Beaumont, for plaintiff in error. Greer & Minor, of Beaumont, for defendant in error.

PLEASANTS, C. J. This suit was brought by defendant in error, Higgins Oil & Fuel Company, against the plaintiff in error,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Southern Pacific Company, to set aside a judgment of dismissal rendered in a former suit brought by defendant in error against plaintiff in error and to reinstate said suit upon the docket of the court and recover upon the cause of action therein alleged. The petition, which was filed in the court below on May 11, 1910, after alleging the cause of action upon which the original suit, filed August 29, 1902, was based, the sufficiency of which is not questioned by plaintiff in error, contains the following allegations:

"That said petition prayed for satisfaction against said defendant and for judgment for its damages aforesaid, with interest, costs of suit, and for general relief. That thereafter, after due service, said defendant, the Southern Pacific Company, by its attorneys, on September 16, 1902, filed its original answer in said cause, consisting of a general demurrer and a general denial, and on the same date, as shown by the minutes of this court, the defendant demanded a jury; but, as plaintiff is informed and believes, and therefore avers, did not pay the jury fee, and said cause continued thereafter on the nonjury docket of this court, and was thereafter by consent of both parties continued from time to time and from term to term. That, after the filing of said suit, various suggestions and negotiations looking to the compromise and settlement of said cause were carried on between the plaintiff and the defendant, or their respective representatives, and on April 24, 1905, as appears from the minutes of this court, said cause was continued for settlement; but said negotiations for the settlement thereof were never consummated, and said cause as theretofore was continued by consent from term to term.

"Your petitioner alleges it to be the fact, upon information and belief: That there was a general understanding between its counsel and the counsel for the defendant that said cause should be continued from term to term or from time to time, and that the same would not be tried without the giving of due notice by each to the other. That in accordance with said general understanding, since the filing of said suit on August 29, 1902, up to the 17th day of May, 1909, the minutes of this court in which said suit has been pending have, as your petitioner alleges upon information and belief, no entries concerning said cause save the following, to wit: That on September 16, 1902, plaintiff and defendant were granted leave to amend and a jury was demanded by the defendant. That on April 24, 1905, the following entry appears on said minutes: 'This cause is continued for settlement.' That on September 15, 1905, the following entry appears on said minutes: 'This cause is continued by consent.' That from the filing of said suit up to the 17th day of May,

1909, the docket of said court, your petitioner alleges upon information and belief, shows no entries save those mentioned above as contained in the minutes, and the following addition thereto: That said cause was set for trial on November 24, 1902, and that the same was continued, but without any order of continuance on the docket or on the minutes. That said cause was set for trial on December 16, 1903, and was continued, but without any order of continuance on the docket or on the minutes. That on September 23, 1904, said cause was set for November 1, 1904, but was continued without any order on the docket or on the minutes. That it was set for September 15, 1905, and on that date, as shown by the docket, continued by consent. That it was set for April 8, 1907, and, as shown by the docket, was on that date continued by agreement. That it was set for January 28, 1908, but was continued without any order on the docket or on the minutes.

"Your petitioner is informed and believes, and therefore avers: That in pursuance of or in accordance with the general understanding between its counsel and counsel for defendant to the effect, in substance, for a considerable period prior and subsequent to the 24th of April, 1905 (when said cause was continued for settlement), that said cause should be continued for the purpose of a settlement by compromise, if terms of compromise could be agreed upon, and afterwards, under the general agreement between said counsel that said cause would not be tried until said counsel respectively were notified by one or the other that a trial was desired, said cause was continued and passed over from term to term and from year to year, and that accordingly no order of any sort was made in said cause either on the docket or the minutes of this court at the March term, 1903, the May term of 1903, the September term, 1903, the March term, 1904, the May term, 1904, the December term, 1904, the December term, 1905, the March term, 1905, the May term, 1905, the December term, 1906, the March term, 1906, the May term, 1906, the September term, 1906, the May term, 1907, the September term, 1907, the March term, 1908, the May term, 1908, the December term, 1908, the March term, 1909. That, as heretofore shown, whenever said cause was set for trial it was continued either without any formal order of continuance on the docket or on the minutes, or else by an entry duly made on the docket and on the minutes showing that said cause was continued by agreement. Your petitioner is further informed and believes, and therefore alleges, that at the term of this honorable court beginning on the first Monday in May, 1909, there was, prior to May 17, 1909, no setting of the nonjury docket upon which this case was pending, and your petitioner

did not know, and it is informed and believes, and therefore alleges the fact to be, that its attorney in this case did not know that the nonjury docket of said court would be called on May 17, 1909, for trial or dismissal, and as plaintiff is informed and believes, and therefore avers, its counsel relied in good faith on the general understanding so long existing between him and counsel for defendant that this cause would be given no other course save to continue it until it was mutually convenient to them to set it down for trial.

"Your petitioner further alleges upon information and belief: That on May 7, 1909, counsel for defendant were both away from Beaumont engaged in the trial, or the preparation for trial, of a case in an adjoining county. That on May 17, 1909, said cause was dismissed by the court for want of prosecution. That on May 4, 1910, as your petitioner is informed and believes, and therefore avers, their attorney of record, F. D. Minor, who has been their attorney in charge of this case since its institution, intending to endeavor to try said cause at this term, and not remembering definitely whether the case was on the jury docket or the nonjury docket, inquired of a deputy clerk of the court on which docket it was, and then learned for the first time that said cause had been dismissed for want of prosecution on May 17, 1909. That until then your petitioner did not know, and it alleges upon information and belief that its counsel did not know, that said cause had been dismissed, but both believed in good faith that said cause was still pending on the docket of this court. Your petitioner alleges upon information and belief that, immediately upon learning that said cause had been dismissed, its counsel on the same day, to wit, May 4, 1910, went to see the attorneys for the defendant in said cause, and was informed by them that they had never heard of the dismissal of said cause and did not know that it had been dismissed.

"Your petitioner is informed and believes, and therefore alleges, that the honorable judge of this court, not knowing of the understanding between counsel for plaintiff and for defendant as to the continuance of said cause, and said counsel for both sides not apprehending that said cause would be dismissed, and counsel for petitioner relying upon the continuance of said cause, as it had been for many years before continued, and not being advised or informed that the nonjury docket of this court would be called and that said cause was likely to be dismissed, the dismissal of the said cause for want of prosecution was due to a mistake and to an accident. Your petitioner further alleges that if it or its counsel had known or had been advised that said cause was liable to be dismissed at said May term, 1909, said counsel would have been present in said court and would have caused the continuance of said cause to be entered, and that if counsel for defendant had been advised or informed that said cause was to be dismissed, they would have notified counsel for your petitioner, so that he might have obtained the continuance of said cause, or else they would have informed the court that said cause was to be continued. That your petitioner further alleges the fact to be that if it had known, or if its counsel had known, during the May term, 1909, that said cause had been dismissed for want of prosecution, the proper steps would immediately have been taken at that term to reinstate the same upon the docket. And petitioner alleges upon information and belief: That counsel for defendant would during that term have readily agreed to such reinstatement of the cause. That this proceeding was not instituted sooner because it was not until May 4, 1910, that your petitioner or its counsel had any information whatever that said cause had been dismissed for want of prosecution on May 17, 1909. Your petitioner alleges that it is advised and informed by its counsel that it has a good and meritorious cause of action against said defendant as set forth in its petition in said cause numbered 3,472 and as hereinbefore repeated and alleged. Premises · considered, and inasmuch as your petitioner has no remedy save in a court of equity, it prays that the defendant may be duly served; that on the hearing said suit be reinstated on the docket with like effect in all respects as though the same had never been dismissed, and for such other and further relief in the premises as it may be entitled to, both legal and equitable, general and special, and for costs."

This petition was verified by the affidavits of L. L. Donnolly, secretary of defendant in error, and F. D. Minor, its attorney.

The answer of defendant in the court below contains a general demurrer and the following special exceptions: (1) A special exception to the petition "that it appears from the allegations in plaintiff's petition contained that the plaintiff is not in position to invoke the aid of a court of equity to secure the relief prayed for, because it appears from the allegations in plaintiff's petition that the plaintiff was guilty of negligence and laches, and shows an entire want of diligence· upon the part of plaintiff to prevent the judgment sought to be set aside." (2) A special exception "to that part of plaintiff's petition wherein it prays that the former judgment of dismissal in suit No. 3,472 on the docket of this court, styled Higgins Oil & Fuel Company v. Southern Pacific Company, be set aside, and said suit be reinstated upon the docket of this court, because it does not appear that the plaintiff had a good cause of action of which it has been deprived by fraud, accident, or mistake,

or the acts of the opposite party wholly unmixed with fraud and negligence upon its part." (3) A special exception "to that part of plaintiff's petition praying that a certain judgment of dismissal in cause No. 3,472, styled Higgins Oil & Fuel Company v. Southern Pacific Company, on the docket of this court, be set aside, and said suit be reinstated on the docket of this court as though it had never been dismissed, because it appears from the allegations therein contained that the plaintiff was guilty of negligence in using no diligence to prevent the entry of such judgment, and that said judgment was not caused or contributed to by any fraudulent act of the Southern Pacific Company or its counsel, and that said judgment was not the result of any fraud, accident, or mistake, but was the result of an entire lack and want of diligence upon the part of the plaintiff."

In addition to these exceptions, defendant filed a general denial and plea of limitation of four years.

On January 7, 1911, upon a hearing before the court, the demurrers and special exceptions of the defendant in error to the plaintiff's petition were heard by the court and overruled, and on the same day, upon the pleadings, the evidence and argument of counsel, the court ordered cause No. 3,472, which had been dismissed for want of prosecution on May 17, 1909, reinstated upon the docket and consolidated with cause No. 7,856, "and that said cause so consolidated with this proceeding stand in the same position as it was when said judgment of dismissal was rendered." No assignment of error challenges the order of the court reinstating the case. Thereafter, on June 12, 1911, the cause was tried with a jury, and a verdict and judgment rendered in favor of plaintiff for the sum of $2,221.85.

The only assignments of error presented in the brief of plaintiff in error complain of the ruling of the trial court in not sustaining the general demurrer and the special exceptions to the petition before set out. Under these assignments plaintiff in error contends that the allegations of the petition were insufficient to entitle plaintiff to have the cause reinstated, because said allegations show that the dismissal of the cause was not an accident, but resulted from plaintiff's inattention and negligence, and plaintiff not being free from fault and negligence, even if the dismissal was the result of accident, plaintiff was not entitled to a reinstatement under the well-established rule that, in order to entitle a party to set aside a judgment at a term of court subsequent to that at which the judgment was rendered, he must show that he has a good cause of action or defense "of which he has been deprived by fraud, accident, or the act of the opposing party, wholly unmixed with any fault or negligence on his own part."

It is clear from the allegations of the petition that both parties were under the mistaken belief that the court would not upon its own motion dismiss the suit without notice to plaintiff, and the judge by reinstating the cause confirmed the allegations of the petition that he would not have dismissed the suit if he had known of the agreement between the parties. The right of the judge to have dismissed the same without notice to the plaintiff, when he was not informed of the agreement between them that it should be continued from term to term until both parties were ready to try it, cannot be doubted, and we think his right to reinstate after he was informed of the agreement is equally clear. It was a matter within his discretion, and defendant cannot complain that he exercised that discretion by upholding the agreement it had made with plaintiff. Both parties evidently relied upon the practice of the court to permit the cause to be continued without any request by the parties or order on the docket or in the minutes of the court granting the continuance. Relying upon this practice and the agreement between them, neither party knew of the dismissal until shortly before the suit to reinstate was filed. This method of conducting the business of the court may not have been conducive of expedition in the dispatch of business; but, it having been the method pursued by the court for a number of years, we cannot say that plaintiff was, as a matter of law, guilty of negligence in relying thereon. We are not prepared to say that the judge would have abused his discretion if he had refused to reinstate the cause; but, having decided that the ends of justice would be best subserved by granting the petition to reinstate, we think he was authorized, upon the facts alleged, to make the order of reinstatement.

We are of opinion that the exceptions to the petition were properly overruled, and that the judgment of the court below should be affirmed.

Affirmed.