# TURMAN v. TURMAN.

## No. 4105.

Court of Civil Appeals of Texas. Texarkana.
Jan. 29, 1932.

Rehearing Denied Feb. 4, 1932.

Rufus S. Garrett, of Fort Worth, for appellant.

Cantey, Hanger & McMahon, of Fort Worth, for appellee.

LEVY, J. (after stating the case as above).

The appellant urges the points as legal error that: (1) The reinstatement of the cause after previous dismissal was without authority and without proper grounds existing therefor, and (2) the reinstatement of the cause after dismissal and the decree of October 2d were judgments without process or summons served on him or without any form of notice given to him and without his knowledge. As is shown by the record, the court granted the plaintiff in the suit leave for a voluntary dismissal of the cause on September 19, 1930. The dismissal was asked by the plaintiff in the aim and purpose of a reconciliation and adjustment of differences between her and her husband; overtures of peace having been made by the husband. The efforts at reconciliation failing, the plaintiff applied for and obtained reinstatement of the cause. The order as entered appears to be merely a formal order of simple dismissal at the plaintiff's cost. There is nothing to indicate that the dismissal was on the merits and entered in pursuance of an adjustment of the merits of the controversy. It settled no right of property between the parties. And the dismissal could not be regarded as in pursuance of "a contract" such as partakes of the nature of settlement of the controversy or part of it, because the parties could waive or agree to nothing essential to the validity

of the proceedings for divorce. A severance of the marriage relation is allowable only in the manner prescribed and for the causes specified by law. And, unless in the exercise of divorce jurisdiction of the court, the rights of the wife or the husband in the common property cannot as between them be litigated. In this situation no ground is shown which would prevent the dismissal order from being vacated and the cause reinstated and be heard and determined on its merits. A legal distinction is made between the dismissal of an action on the merits or in settlement and adjustment of the cause of action, and the dismissal of an action where there is no settlement or adjustment of the cause of action or any hearing upon the merits. In the former class of cases the judgment is conclusive and a bar by estoppel to further litigation by the parties. Townsend v. Scurlock, 44 Tex. Civ. App. 141, 99 S. W. 123. In the latter class of cases the judgment of dismissal is not conclusive and does not constitute a bar to a reinstatement of the suit. George v. Taylor, 55 Tex. 97; Southern Pac. Co. v. Oil & Fuel Co. (Tex. Civ. App.) 151 S. W. 1161; Harrison v. Land Co. (Tex. Civ. App.) 85 S. W. 821; 18 C. J. § 60, p. 1171. And whenever, as here, the dismissal order is not based upon a settlement of the cause, the way is open to the plaintiff to bring a new action or to proceed to have the dismissal order vacated upon timely showing of sufficient grounds or good cause therefor.. 18 C. J. § 146, p. 1208; 15 Tex. Jur. §§ 27, 48, pp. 269, 291. Looking to the facts which the record discloses, it is believed that the plaintiff could not be reasonably denied redress from the effect of the voluntary dismissal of the cause. The effect of the order made and entered of reinstatement was to leave the cause subject to trial on the merits, after due notice to defendant of the order of reinstatement, either at the same or a succeeding term of court. Miller v. Earle (Tex. App.) 15 S. W. 916; 15 Tex. Jur. § 53, p. 298; 18 C. J. § 72, p. 1174.

▮ As respects the second point, the record shows that the defendant was personally served with citation on September 2d after the suit was originally filed on September 1, 1930. He had not appeared and made answer in the suit, and was not required by law to do so until return day on September 29, 1930. He did not appear and make answer by September 29, 1930, because, as claimed, the original cause was dismissed with his consent, and the reinstatement was without his knowledge, and without any form of notice or process given to him. The appellee submits that further notice or new summons to the defendant was not legally required, and, if so, then that the defendant had actual notice of the intention of the plaintiff to have the dismissal order set aside and the cause reinstated, and that he left the state and secreted himself and was at fault and without excuse in not appearing in the cause. Was the defendant entitled to further notice or new summons of the order of reinstatement before trial of the cause on the merits? The decisions are seemingly in accord that, where an action is dismissed by the court for want of prosecution by the plaintiff, the court may at the same term of court vacate the order of dismissal and hear and determine the cause without further notice or new summons to the defendant. Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 697; Parnell v. Barron (Tex. Civ. App.) 261 S. W. 529; Fox v. Bank of Houston (Tex. Civ. App.) 23 S.W.(2d) 888; 15 Tex. Jur. § 50, p. 295. In such cases the dismissal, in the inherent right of the court to do, is not the voluntary act of the plaintiff or the parties, but is ex parte, involuntary, and without notice to defendant. And resting upon the theory that, inasmuch as the dismissal was not made with notice to or with consent of the defendant, the defendant could not be misled in any wise by the dismissal, and would not be released of the duty to take notice of all steps and proceedings in the case, and he therefore would not be entitled to have special notice of the vacation of the dismissal order before any further proceedings or trial on the merits could be had in the suit. In that view the general rule is then applied that, whenever the defendant has been brought into court by summons, he is, in legal contemplation, in court until the suit is finally disposed of or he is discharged according to law, and would be required to take notice of all subsequent steps and proceedings, including the filing of a motion to set aside a dismissal order. Perkins v. Wood, 63 Tex. 396. But a consent or voluntary order of dismissal by the parties, as here evidenced, presents a very different situation, making applicable fundamental principles of law. In such circumstances the dismissal order would be with actual notice to the defendant and with his consent, and he would be misled to his legal hurt in case the cause was thereafter reinstated and tried on the merits without due notice of the entry of the order of reinstatement. The effect of an order of dismissal by the agreement or with the consent of the parties is a discharge of the defendant, with the idea and belief, upon which he can verily rely, of the end of the litigation in that suit, and the court would not proceed further and the plaintiff would not persist in his demand. Green v. Green (Tex. Com. App.) 288 S. W. 406; Hoffman v. Cage, 31 Tex. 595; Johnson v. Cheney, 17 Tex. 339; Kelly v. Kelly, 23 Tex. 437; Wilborn v. Elmendorf (Tex. Civ. App.) 40 S. W. 1059; 15 Tex. Jur. § 24, p. 265. In such effect and circumstances it is clear to be seen that the strict rules of law and fundamental and cherished principles of natural justice demand that rights be not affected by subsequent reinstatement and trial of the cause

without an opportunity to be heard. It is a principle that lies at the foundation of all jurisprudence that a person must have an opportunity of being heard before a court can deprive him of his rights. Judgment without notice after dismissal of the suit by agreement or consent of the parties wants all the attributes of a judicial determination. Any other doctrine would be antagonistic to the provisions of our Constitution. It is therefore believed that the defendant was legally entitled to new summons or due notice of the entry of the order of reinstatement of the cause. McAllen v. Crafts (Tex. Civ. App.) 166 S. W. 3 ; Mercantile Co. v. Summers (Tex. Civ. App.) 283 S. W. 203. The vital question then is that of whether or not new summons or due notice was given to the defendant of the order made of reinstatement of the cause before the trial and entry of the decree of October 2d. The evidence in that respect shown by the record follows. The defendant testified: "I have never had anything served on me except immediately after the suit was first brought. I knew nothing in the world about any happening or any intentions of reinstating the case. I knew nothing about it until after she (his wife) got a divorce and got everything I had. She did not tell me she was coming back into the court on the divorce matter. * * * I first obtained information that the plaintiff was seeking or had had this case reopened on the evening after the judgment had been taken that day. I never knew anything about it in any way until that night. I don't know just what time, but it was late that evening when I knew about it."

It was shown as a fact that no new summons or process was issued or served.

The plaintiff testified: "After I had filed suit for divorce and the injunction was granted by the court Mr. Turman talked to me and made certain solicitations to me. He wanted me to dismiss the suit and go back to him. I did go back to him and tried to do my duty. I dismissed the suit on Saturday morning and then everything seemed to be going along just lovely until dinner time Monday night. * * * I had a talk with Mr. Turman the night he left with the children. I told him what I was going to do if he did not carry out his contract (referring to finances allowable to her). I told him that lots of times. We were sitting at the supper table when L. C. Turman out of a clear sky jumped up from the table and looked at me and pointed his finger at me and said, 'The last little business has been turned just about thirty minutes ago. I am going to do just exactly what I told you I was going to do.' I said to him, 'What are you going to do?' He said, 'I am going to do exactly what I told you I was going to do.' I says, 'I guess you have got everything and I am going right straight to my lawyers in the morning and I am going to reopen this case and I am not going to look back this time. I am going straight on through with it.' That is exactly the words I said. He says, 'I am going to stay right with you until you tell me you are not going to do that.' I says, 'I am telling you now that unless you do exactly what you promised to do I am going right back to my lawyers and I am going to reopen the case and I am not going to stop this time.' I started to the door to get out and he stood right by me and had hold of by arm most of the time. * * * I certainly did tell Mr. Turman that I was going to have this case reopened. I said, 'I am going to have this case reopened and I am going right through with it this time and there won't be any looking back.' No sir, I did not tell him I was going down the next morning and that I had everything ready to bring a new suit against him and tie him up again. The words I have stated are the exact words I said because I know what I said. I told him that too many times."

The burden of proving notice rested upon the plaintiff. Burns v. Investment Co. (Tex. Civ. App.) 217 S. W. 719. And we think the evidence is not of weight and sufficiency to sustain a finding of actual notice on the part of the defendant that the suit had been reinstated for trial before the hearing of the cause and the entry of the decree of October 2, 1930. The circumstances of the intention of the plaintiff to have her attorneys reopen or reinstate the case are too slight in substance and force to warrant the inference of due notice to defendant of the order made reinstating the cause for trial. In so far as notice partakes of the nature of process, the direct proof or circumstances from which it is to be inferable should be at least not dubious or equivocal, but explicit or reasonably furnish definite information. Accordingly, the decree of October 2, 1930, may not be upheld because there was lack of due notice to the defendant as respects the order of reinstatement of the cause for trial. The court, in the absence of notice, was without jurisdiction to enter the decree. The decree as entered on December 17, 1930, being in effect and purpose merely a correction or modification of certain terms of the division of property as provided in the original decree, would likewise fail of force, because of the legal invalidity of the original decree of October 2d of which it was a modification.

It is here observed that the appearance of defendant to have the decree set aside constitutes in legal effect an entry of appearance by him for all future proceedings and trial on the merits.

The judgment is reversed, and the cause remanded for trial on the merits.