## Snyder v. Snyder

*John W. Forry*, for libellant.

MAYS, J., January 31, 1933.—The libel in this case was filed on June 17, 1932. The subpœna was issued on the same day and served upon respondent on June 18, 1932. He was also served with notice of hearing and filing of the mas-

ter's report. The master's report recommending the granting of a divorce was filed on September 12, 1932.

On October 31, 1932, the court, on libellant's petition, ordered the proceedings to be discontinued upon payment of costs. On November 21, 1932, libellant presented her petition, averring, amongst other things, that "your petitioner wishing to make another effort to become reconciled with the respondent, presented her petition to your honorable court, praying that she be permitted to discontinue the said divorce proceedings, which petition was on the same day granted and an order entered discontinuing the proceedings"; that "your petitioner has made an honest effort to become reconciled and reunited with the respondent, but that the respondent has, at all their meetings and conferences since the date of the said discontinuance, persisted in his abusive and cruel treatment of your petitioner and that your petitioner is now thoroughly convinced that no reconcilement can be effected and that it will be impossible for her ever to live with the respondent again." Thereupon a rule was granted upon Gordon L. Snyder, respondent, to show cause why the discontinuance should not be stricken off and the proceedings reinstated. Service of the rule was made on the respondent. No answer was filed. On December 15, 1932, the following order (omitting formal parts) was entered by the court: "the proof of service of the above rule having been filed and no answer having been filed for the respondent, the above rule is made absolute and it is directed that the cause be proceeded with as though no discontinuance had been entered."

The question now before the court is whether, after a dismissal or discontinuance on libellant's application, the court may, on libellant's motion, after due notice to the respondent, vacate said dismissal or discontinuance and reinstate the cause to be determined on the merits.

A discontinuance, although in substance and effect an abandonment by the moving party of a pending cause, means no more than a declaration of the plaintiff's willingness to stop the pending action and is neither an adjudication of the cause by the proper tribunal nor an acknowledgment by the moving party that the claim is not well founded: 18 C. J. 1146. "A nonsuit or dismissal may properly be set aside and a reinstatement allowed where . . . [the dismissal was brought about by] an agreement not kept by defendant": Ibid., 1173.

It becomes manifest from a reading of all the pleadings that the discontinuance was not on the merits, but was entered with a view to an adjustment of the merits of the controversy. It settled no rights between the parties. Looking at the facts which this record discloses, it must be concluded that the libellant could not reasonably be denied redress from the effect of the voluntary dismissal or discontinuance of her cause, particularly as there was on her part an honest effort to bring about a reconciliation.

In Turman v. Turman, 46 S. W. (2d) 447, the facts disclosed that the wife having sued her husband for divorce before final decision voluntarily dismissed the suit pending a reconciliation with her husband, and on failure thereof, the court reinstated the cause and permitted her to obtain judgment on the merits. The action of the district court was reversed and remanded because there was an absence of due notice to the husband of the reinstatement. The Court of Civil Appeals of Texas held, however, that a court dismissing a divorce action on plaintiff's application might, on plaintiff's motion, vacate the dismissal order and reinstate the cause to be heard and determined on its merits.

In the instant case the respondent was serveed with notice. He saw fit not to appear or make answer. He has no cause to complain. Accordingly the cause will be determined on its merits.

From Charles D. Kerr, Reading, Pa.