**William Wiley GEORGE, Appellant,**

v.

**Dianne Hardin GEORGE, Appellee.**

**No. 1114.**

Court of Civil Appeals of Texas, Tyler.

March 16, 1978.

Charles M. Wilson, III, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

Louis J. Weber, Jr., Weber, Baker, Allums & Lang, Dallas, for appellee.

DUNAGAN, Chief Justice.

The appellee, Dianne Hardin George, filed suit for divorce on August 13, 1976, in the Domestic Relations Court No. 3 of Dallas County, Texas, against the appellant, William Wiley George. On January 3, 1977, the Domestic Relations Court No. 3 mailed written notice of the court's intention to dismiss the cause for want of prosecution. Three days later the case was dismissed for want of prosecution. No notice of the dismissal was received by the appellant until February 3. The attorneys for both parties continued to correspond even after the case was dismissed for want of prosecution, but the appellee's attorney never mentioned that the case had been dismissed. From the time that the cause was originally filed until it was dismissed for want of prosecution, the appellant was never served with process nor did he file an answer or cross-action or any other pleading in the papers of the cause.

On January 12, 1977, the appellee refiled the divorce action in the Domestic Relations Court No. 4 of Dallas County, Texas. The case involved the same parties and the same issues.

As we have previously stated, the appellant found out on February 3, 1977, that the case had been dismissed for want of prosecution in the Domestic Relations Court No. 3 and had been refiled in the Domestic Relations Court No. 4. On February 4, 1977, the appellant filed his motion to set aside the order of dismissal for want of prosecution in the Domestic Relations Court No. 3, which motion was sustained and the cause ordered reinstated as of that date. The appellee was not given any notice of this motion or of the hearing thereon.

On February 16, 1977, the appellee filed a plea in abatement requesting that the trial court dismiss the divorce action that had been reinstated in the Domestic Relations Court No. 3 because the cause of action was already pending as of that time in the Domestic Relations Court No. 4 and that the appellant had never filed an answer or been served with process in the suit filed in the Domestic Relations Court No. 3 and was not entitled to reinstatement. This plea in abatement was sustained.

The sole point of error states that the trial court erred in granting this plea in abatement.

The case filed in the Domestic Relations Court No. 3 was dismissed for want of prosecution pursuant to Rule 165a of the Texas Rules of Civil Procedure. This rule states that "A case may be dismissed for want of prosecution on failure of any *party seeking affirmative relief* or his attorney to appear for any hearing or trial of which he had notice, or on failure of such party or his attorney to request a hearing, or take some other action specified by the court, within

fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution." The second paragraph of Rule 165a states that "Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of *the party* or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake." (Emphasis ours.)

In our opinion, the language in the second paragraph of Rule 165a referring to "the party or his attorney" means the same party set out in the first paragraph, i. e. the party seeking affirmative relief. The rule contemplates that the party seeking to prosecute the action should be the one to seek to have the action reinstated after it has been dismissed for want of prosecution. The language is consistent with prior holdings in this state where a dismissal for want of prosecution has been equated to a voluntary dismissal. *Moody & Tips Lumber Co. v. South Dallas Bank & Trust Company,* 246 S.W.2d 263 (Tex.Civ. App.—Dallas 1952, err. dism'd). A voluntary dismissal is improper if a defendant is seeking affirmative relief and the dismissal would prejudice the defendant's right to be heard on his claim for affirmative relief. Rule 96, Tex.R.Civ.P.; see *State v. Stanolind Oil & Gas Co.,* 190 S.W.2d 510 (Tex.Civ. App.1945, err ref'd); *Graham v. Seale,* 221 S.W.2d 353 (Tex.Civ.App.—San Antonio 1949, n. w. h.). If a suit is voluntarily dismissed, however, the defendant cannot reinstate the case without the consent of the plaintiff when the plaintiff, in the exercise of an absolute right, has voluntarily dismissed his suit prior to the defendant's filing a plea for affirmative relief. 20 Tex. Jur.2d Dismissal, sec. 43, pp. 231, 233. Applying the principles of these cases dealing with voluntary dismissals to our case concerning an involuntary dismissal, it is apparent that the appellant could not prevent this dismissal since he was seeking no affirmative relief. Therefore, the case should not have been reinstated upon his motion.

We feel that the case of *Turman v. Turman,* 46 S.W.2d 447, 449 (Tex.Civ.App.— Texarkana 1932) is instructive in the instant case although the facts in *Turman* differ materially from the facts presented here. In *Turman* the case was voluntarily dismissed upon the plaintiff's motion when it appeared that a reconciliation could be reached between the parties. The reconciliation did not materialize and the plaintiff had the cause reinstated. The court held this reinstatement was proper stating that ". . . the way is open to the *plaintiff* to bring a new action or to proceed to have the dismissal order vacated upon timely showing of sufficient grounds or good cause therefor." (Emphasis ours.) In our case, the defendant rather than the plaintiff obtained a reinstatement of the case.

A dismissed suit after reinstatement stands upon the docket as if it had never been dismissed. *Dunbar v. Dunbar,* 233 S.W.2d 358, 360 (Tex.Civ.App.—San Antonio 1950, mand. overruled); *Mitchell v. Mitchell,* 84 Tex. 303, 19 S.W. 477 (1892). The appellant did not have an answer on file nor had he been served with process in the proceeding. Therefore, the only thing reinstated was appellee's cause of action. In our opinion, it was improper to allow the appellant to reinstate this cause of action after it had been dismissed for want of prosecution. Rule 165a does not authorize a party seeking no affirmative relief to have a case reinstated after it has been dismissed for want of prosecution.

There is an additional reason why this case should not have been reinstated upon the appellant's motion in the Domestic Relations Court No. 3. Rule 165a, Tex.R. Civ.P., requires that a motion to reinstate be verified by the movant or his attorney. *Matter of Marriage of Parr,* 543 S.W.2d 433, 437 (Tex.Civ.App.—Corpus Christi 1976, n. w. h.); *Berry v. Riley,* 551 S.W.2d 74 (Tex. Civ.App.—Houston [1st Dist.] 1977, writ ref'd n. r. e.). The motion to reinstate filed by the appellant was not verified as the rule requires.

The appellee contested the reinstatement of the case in the Domestic Relations Court No. 3 by filing a plea in abatement. When

the plea in abatement was sustained it resulted in a dismissal of the case in the Domestic Relations Court No. 3, effectively the same result as if the case had never been reinstated in the Domestic Relations Court No. 3. We believe the correct result has been reached by the trial court's action. Accordingly, appellant's point of error is overruled.

Judgment of the trial court is affirmed.