**Donald J. NEESE, M.D., Appellant,**

v.

**David V. WRAY, M.D., Appellee.**

**No. 01–94–00622–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 26, 1995.

Steven A. Owsley, Roger L. Merrill, Houston, for appellant.

Robert J. Swift, Joy M. Soloway, Christy M. Schweikhardt, Houston, for appellee.

Before WILSON, HEDGES and COHEN, JJ.

**OPINION**

COHEN, Justice.

Dr. Neese sued Dr. Wray for medical malpractice. The trial judge initially dismissed the suit for want of prosecution and ultimately dismissed it for lack of jurisdiction. We reverse and remand.

The suit was dismissed for want of prosecution on September 30, 1993. Neese timely filed an unverified motion to reinstate, which the judge granted on October 26, 1993.

On January 26, 1994, Dr. Wray moved to dismiss for lack of jurisdiction, based on Dr. Neese's defective motion to reinstate.[1]

---

1. Rule 165a, Tex.R.Civ.P., requires that a motion to reinstate be verified.

Wray's motion was granted on March 7, 1994.

Neese filed a verified motion to reinstate the case on March 30, 1994. That motion was denied, and Neese filed a cash deposit on June 6, 1994 to perfect this appeal.

Wray contends we lack jurisdiction because Neese's cash deposit was untimely filed. We disagree.

The relevant events may be summarized follows:

June 24, 1993. Appellant, Donald Neese, M.D., files his original petition. Service of citation was not requested.

August 19, 1993. Less than 60 days after the case is filed, the trial court advises appellant that a dismissal docket would be conducted on September 28, 1993. The trial court asked the appellant to obtain service on the defendant by that date and warned that the failure to obtain service would result in a dismissal of the case.

September 16, 1993. Appellant requests and pays for service from the Harris County District Clerk's office. The clerk's office fails to effect service and does not enter the request for service on its computer.

September 30, 1993. Judge signs dismissal order, less than 100 days after suit is originally filed, presumably acting in the erroneous belief that appellant has not attempted to obtain service of citation.

October 18, 1993. Appellant files unverified motion to reinstate.

October 21, 1993. Clerk issues citation and delivers it to Constable for service.

October 25, 1993. Trial court grants unverified motion to reinstate 25 days after signing motion for dismissal and within the trial court's 30-day plenary power.

November 10, 1993. Constable serves appellee.

January 26, 1994. Appellee moves to dismiss for lack of jurisdiction based on appellant's defective motion to reinstate.

March 7, 1994. Trial court grants appellee's motion and dismisses for lack of jurisdiction.

March 30, 1994. Appellant files verified motion to reinstate which was denied.

June 6, 1994. Appellant files cash deposit to perfect appeal.

■ We agree that appellant's motion to reinstate was defective because it was unverified. *McConnell v. May*, 800 S.W.2d 194 (Tex.1990). We disagree, however, with appellee's contention that we have no jurisdiction and with the trial judge's conclusion that he lost jurisdiction of the case 30 days after ,September 30, 1993.

■ A trial court may reinstate a cause on its own motion within 30 days after dismissal. *Stelter v. Langoria*, 687 S.W.2d 498, 499 (Tex.App.—Houston [14th Dist.] 1985, no writ); *see also* TEX.R.CIV.P. 329b(e). Thus, if the trial judge, on his own initiative and without any motion to reinstate, ordered the case reinstated within his plenary power, then both the trial court and this court would have jurisdiction. Appellee contends that the trial judge's order granting reinstatement of October 25, 1993, which was within the period of plenary power, does not fall within this rule of law because the judge was not acting on his own motion, but in response to appellant's unverified motion to reinstate. Appellee contends that because appellant's motion was unverified, the trial court was powerless to grant it, and that the resulting order was therefore void. We hold that this distinction should not cause a different result. A judge who has plenary power to reinstate a case on his own without any motion surely cannot have less power to act just because the movant has filed a defective motion. That distinguishes this case from *McConnell v. May*, in which the trial judge granted an unverified motion to reinstate 75 days after the dismissal. 800 S.W.2d at 194. The unverified motion in *McConnell* did not extend the trial court's plenary power beyond 30 days; thus, the judge had no power to rule 75 days later. We do not read *McConnell* to mean that the trial judge in that case lost jurisdiction to grant reinstatement within the court's plenary power of 30 days just because the motion was unverified.

■ It is true, as appellee argues, that only a verified motion to reinstate extends

the appellate timetable for filing the bond to perfect an appeal. An unverified motion does not. *Butts v. Capitol City Nursing Home, Inc.*, 705 S.W.2d 696, 697 (Tex.1986). We hold, however, that appellant did not need to extend the appellate timetable because he had no reason to appeal after the trial judge reinstated the case on October 25, 1993.

Appellee relies on *George v. George* 564 S.W.2d 172, 174-75 (Tex.Civ.App.—Tyler 1978, no writ). The opinion in *George* had nothing to do with jurisdiction in the trial court or in the appellate court. It held that the trial judge should not have granted an unverified motion to reinstate, but that statement was unnecessary because the holding rested on a different ground. Moreover, the *George* court did not hold that an order reinstating a case signed within a judge's plenary power is a nullity that causes the trial court's jurisdiction to lapse.

We conclude that appellate timetables never began to run on the order dismissing for want of prosecution because that order was set aside before it became final. The trial court never lost jurisdiction because it acted, as it was empowered to do, within the period of 30 days of plenary power. Moreover, we have jurisdiction because appellant timely perfected his appeal from the order of March 7, 1994 dismissing for lack of jurisdiction.

We reverse the judgment dismissing the cause for lack of jurisdiction, and we remand the cause to the trial court for reinstatement to its docket in accordance with its order of October 25, 1993.