

 Jody L. McPherson and Randal E. Hand, Clements, Allen & Bufkin, Dallas, for petitioner.

Alvin H. Badger and M. Scott McDonald, Johnson, Bromberg & Leeds, Dallas, for respondents.

**Austin D. CHECK, Petitioner,**

v.

**Lee Roy MITCHELL, et al.,**
**Respondents.**

**No. C–7617.**

Supreme Court of Texas.

Oct. 19, 1988.

PER CURIAM.

Michael L. Neary sued Austin D. Check alleging breach of contract under a promissory note as well as several other causes of action. Neary later assigned all his rights in the action to Mitchell. The trial court rendered an interlocutory summary judgment in favor of Neary on the note claim only. On February 26, 1987 the trial court rendered an amended and supplemental interlocutory summary judgment and on the same day severed that judgment from the remainder of the case. On March 9, 1987, 11 days later, the trial court rendered a judgment which varied from the February 26 judgment in that, among other things, the docket number was changed to the new number assigned in the severance order, it

reflected that a severance had been ordered and language was added to the effect that all writs and processes might issue and that all relief not expressly granted was denied. Check filed a motion for new trial on March 18, 1987 and deposited cash in lieu of an appeal bond on June 4, 1987. Without an opinion, the court of appeals dismissed this appeal for want of jurisdiction.

The cash deposit was filed 87 days after the March 9 judgment was signed and 98 days after the February 26 interlocutory judgment became final by virtue of the severance order. Thus, if the appellate timetable runs from the March 9 judgment, Check's cash deposit was timely and the jurisdiction of the court of appeals was not defeated. The issue before this court is whether Rule 329b(h) of the Texas Rules of Civil Procedure operates to postpone the commencement of the appellate timetable when a trial court modifies a final judgment during the period in which it retains plenary power over the judgment.

■■■ Rule 329b(d) and (e) provide that the trial court has plenary power to vacate, modify, correct or reform its judgment within thirty days after the judgment is signed or thirty days after all timely motions for new trial are overruled. TEX.R. CIV.P. 329b(d), (e). Subsection (h) of Rule 329b provides that "[i]f a judgment is modified, corrected or reformed *in any respect,* the time for appeal shall run from the time the modified, corrected or reformed judgment is signed...." TEX.R.CIV.P. 329b(h) (1984) (emphasis added). We hold that any change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed.

While the appeal in this case was taken prior to the 1988 amendments to the Rules of Civil Procedure, the provisions of Rule 329b(h) which are pertinent to this decision were not changed at that time. Therefore, our holding is not limited to appeals taken prior to January 1988; rather, it applies with equal force to appeals brought under the current Rules of Civil Procedure.

The court of appeals order dismissing the appeal for want of jurisdiction is in conflict with Rule 329b(h) of the Texas Rules of Civil Procedure. Therefore, pursuant to Texas Rule of Appellate Procedure 133(b), we grant Check's application for writ of error, and without hearing oral argument, a majority of the court reverses the judgment of the court of appeals dismissing the appeal and remands the cause to the court of appeals for further consideration in accordance with this opinion.