NUMBER 13-00-613-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

____________________________________________________________


REBECCA
DUNN GRIDER,                                                      Appellant,

 

                                                   v.

 

ADAM
NAAMAN, M. D.,                                                         Appellee.

____________________________________________________________

 

                         On appeal from the 80th District Court

                                   of Harris County, Texas.

____________________________________________________________

 

                                   O P I N I O N

 

                    Before Justices Hinojosa, Castillo and Amidei[1]

                             Opinion by Former
Justice Amidei                     

 








This is a medical malpractice suit arising from a diagnostic
biopsy procedure to obtain a possible diagnosis of suspected recurrence of
Hodgkin=s disease which
had been in remission. Appellant, Rebecca Dunn Grider, alleges that appellee,
Adam Naaman, M.D., negligently cut her brachial plexus nerve roots which
control the ability to grip, hold or move the hand, leaving her with a
permanent claw left hand.  The jury found
that appellee was not negligent, and appellant appeals
from the adverse jury verdict and judgment, after the trial court overruled her
motion for a new trial.  Appellee filed a
motion to dismiss this appeal for lack of jurisdiction.

Appellant presents one issue claiming that in view of the
admitted violations of the standard of care by appellee, and the absence of
probative evidence to support the sole defensive theory, there is no legally
and/or factually sufficient evidence to support the jury=s verdict.  We reverse
and render in part, and reverse and remand in part.

                                           Motion
to Dismiss Appeal








Appellant=s motion for a new trial was filed on March 8, 2000. The trial
court signed a judgment on May 3, 2000. 
On May 11, 2000, appellee filed a response to the motion for new trial
and a motion to enter judgment for appellee. 
A hearing on the motion for a new trial was held on May 15, 2000 but the
trial court withheld a ruling thereon until June 1, 2000, when it denied the
motion for new trial and granted appellee=s motion to enter judgment. 
On August 25, 2000, appellant filed her notice of appeal which states
she is appealing from the June 1, 2000, final judgment of the court.  Appellee filed a motion to dismiss the appeal
claiming appellant=s notice of appeal was not filed within ninety days after the
May 3, 2000 judgment was signed.  Tex. R. App. P. 26.1(a)(1).  Appellant=s argument is
that the June 1, 2000, judgment restarted the appellate timetable because it
was a modification, change, reinstatement or clarification of the May 3, 2000
judgment.  Rule 329b(h)
provides that if a judgment is modified, corrected or reformed in any
respect, the appellate timetable runs from the date of the new
judgment.  Tex. R. Civ. P. 329b(h); Lane Bank Equip. v. Smith S. Equip.,
10 S.W.3d 308, 313 (Tex. 2000) (holding that any change made by the court under
subpart (h) prior to losing jurisdiction, even a clerical change, will restart
the appellate timetable).  See also
Check v. Mitchell, 758 S.W.2d 755, 756 (Tex. 1988) (cited in the Lane
Bank case).  In Check, the
court stated that Aany change,
whether or not material or substantial, made in the judgment while the trial
court retains plenary power restarts the appellate timetable.@  Check, 758 S.W.2d at 756 (emphasis
added).  Even if the only change is the
date of entry of the judgment, it qualifies as a modification, change,
reinstatement or clarification of the judgment sufficient to start anew the appellate
timetable.  Clark v. McFerrin, 760
S.W.2d 822, 825 (Tex. App.BCorpus Christi
1988, writ denied) (trial court=s change in
date of entry of judgment, which was reinstated after court previously granted
a motion for new trial, qualified as modification, correction, and or
reformation of judgment which started anew timetable for appellate review).  








The June 1,
2000 order granting appellee's motion for judgment was final, for purposes of
appeal, and no future action by the court was necessary to settle the entire
controversy because it determines the rights of all parties and disposes of all
the issues in the case.  Felderhoff v. Knauf, 819 S.W.2d 110, 111 (Tex. 1991).  This order declared the legal effect of
granting appellee's motion to enter judgment for appellee, as by ordering that
a party take nothing by their cause of action, which in effect was the clear
meaning of the order.  White v. CBS
Corp., 996 S.W.2d 920, 922 (Tex. App.BAustin 1999
pet. denied).  The trial court's
intention was made clear from the language of appellee=s motion, the
order and the record as a whole, made after a jury trial had been tried and
concluded.  The appellant's motion for a
new trial was denied in the same order although in a separate paragraph.  Also, included in the order was the court's
finding that, Aafter
considering Defendant's Motion to Enter Judgment, is of the opinion that
Defendant's Motion to Enter Judgment is meritorious and should be granted,@ followed by the
order granting such motion.  We construe
the order to express the trial court's intent that the appellant take nothing
by her cause of action against appellee. 
The order constituted the rendition of judgment which is distinguishable
from the entry of judgment which is a purely ministerial act by which judgment
is made of record and preserved.  Becker
v. Becker, 997 S.W.2d 394, 395 (Tex. App.BBeaumont 1999,
no pet.). 

Therefore, the
ninety days for filing appellant=s notice of
appeal began on June 1, 2000, and August 25, 2000, the date she filed her
notice of appeal was within the ninety days. Appellee=s motion to
dismiss the appeal for lack of jurisdiction is overruled.

Standard
of Review

No evidence
points of error must and may only be sustained when the record discloses: (1) a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
scintilla; or (4) the evidence established conclusively the opposite of the
vital fact.  Juliette
Fowler Homes, Inc. v. Welch Assocs. Inc., 793 S.W.2d 660, 666 n. 9 (Tex.
1990); Calvert, ANo Evidence@
and AInsufficient Evidence@
Points of Error, 38 Tex. L. Rev. 361, 362-63 (1960).








In reviewing
the evidence under a no-evidence point, we consider all the evidence in the
light most favorable to the prevailing party, indulging every reasonable
inference in that party=s favor.  Associated Indem.
Corp. v. CAT Contr., Inc., 964 S.W.2d 276, 285-86 (Tex.
1998).  AIn evaluating
legal sufficiency, we are required to determine whether the proffered evidence
as a whole rises to the level that would enable reasonable and fair-minded
people to differ in their conclusions.@  Id. at 286 (quoting Transportation
Ins. Co. v. Moriel, 879 S.W.2d 10, 25 (Tex. 1994)).

A claim that
the evidence was legally or factually insufficient to warrant the submission of
any question may be made for the first time after verdict, regardless of
whether the submission of such question was requested by the complainant.  Tex.
R. Civ. P. 279.  The legal
sufficiency of the evidence may be raised for the first time in a motion for
new trial.  Rosas v.
Shafer, 415 S.W.2d 889, 889-90 (Tex. 1967).  If the trial court rules on the motion for a
new trial containing grounds with sufficient specificity, the complaint is
preserved for appellate review.  Tex. R. App. P. 33.1(a).

                                           Factual Background








Appellant had
been diagnosed with Hodgkin=s disease and
after receiving chemotherapy it was in remission.  After a routine check an undefined mass was
discovered in the mediastinum area of the chest.  Appellee was consulted to perform a biopsy
procedure to obtain a possible diagnosis of the recurrence of the cancer.
Appellee cut appellant=s brachial
plexus nerve roots at C8 and T1 causing a total and permanent disability of her
left arm and hand.  Within minutes of
waking up from the surgery appellant felt a fiery pain and could not move her
left arm and hand because her brachial plexus nerve roots were cut.  Repair surgery was unable to restore
appellant=s ability to
grip, hold, or move her hand.  The
surgical procedure was performed on December 17, 1993, and at time of trial in
January 2000, appellant had no medical chance that the use of her left arm will
improve and is left with what the doctors refer to as a claw hand.          

Issue
Presented

Because of the
admitted violations of the standard of care by appellee, and the absence of
probative evidence to support the sole defensive theory, is there legally
and/or factually sufficient evidence to support the jury=s verdict?

 The grounds as presented in this issue were
stated in appellant=s motion for a
new trial with sufficient specificity to make the trial court aware of the
complaints.  Tex. R. App. P. 33.1(a)(1)(A).  The trial court held a hearing on the motion
for a new trial, considered the motion for sixteen days, and on the seventeenth
day expressly overruled the motion, and granted appellee=s motion for
entry of judgment on the same day, June 1, 2000.  Tex.
R. App. P. 33.1(a)(2)(A).








Appellant
claims the evidence conclusively supported a Ayes@ answer to jury
question number one, or the question was unnecessary.  Appellant alleges that she was severely and
permanently injured when appellee negligently performed a diagnostic biopsy
procedure to obtain a possible diagnosis of the recurrence of Hodgkin=s disease which
had been in remission.  The elements of
appellant=s cause of
action based on negligence are: (1) a legal duty owed by defendant to
plaintiff; (2) a breach of that duty; and (3) damages proximately resulting from
that breach.  See Silva v. Spohn
Health Sys. Corp., 951 S.W.2d 91, 93-94 (Tex. App.BCorpus Christi
1997) writ denied 960 S.W.2d 654 (Tex. 1997).  Duty is the threshold inquiry; a plaintiff
must prove the existence and violation of a duty owed him by the defendant to
establish liability in tort.  Id.  The standard of conduct to determine if the
duty has been breached in a physician-patient relationship is that of what a
reasonable, prudent physician would do in a similar medical situation.  Chambers v. Conaway,
883 S.W.2d 156, 158 (Tex. 1993). 
Jury question number one inquiring whether appellee was negligent was
answered, Ano@.  Appellant argues that there is no evidence to
support the jury finding of no negligence because the evidence conclusively
proves that appellee was negligent.








It was
undisputed that a surgeon who cuts the brachial plexus
nerve roots, when he thinks that he is in the area of the stellate ganglion,
falls below the applicable standard of care. 
Appellee testified he cut the brachial plexus root nerves C8 and T1
believing he was in the stellate ganglion area, and had cut a stellate ganglion
rather than a brachial plexus nerve. 
Appellee=s only expert
confirmed that appellee believed he was in the stellate ganglion area.  Appellee=s
post-operative report states that he cut the stellate ganglion nerve.  Appellee and his expert agreed in their
testimony that it would fall below the standard of care for a doctor to cut a
brachial plexus nerve when he thought he was in the stellate ganglion.  However, during the procedure appellee cut
appellant=s brachial
plexus nerve roots at C8 and T1 causing total and permanent disability of her
left arm and hand.  Within minutes of
waking up from the surgery appellant felt a fiery pain and could not move her
left arm and hand because the brachial plexus nerve roots had been cut.  The motor nerves control the function of the
hand.  When this nerve is cut, an
individual is unable to grip, hold, or move the hand.  Repair surgery by Dr. Kline was unable to
reverse the devastating effects caused by appellee=s surgery.  Appellant now has what doctors refer to as a
claw hand, and there is no medical chance the use of her left arm will
improve.  The testimony of appellee and
his expert admitting appellee=s surgery was
below the applicable standard of care was deliberate, clear, and unequivocal,
although contrary to an essential unproven fact embraced in the theory of
defense asserted by appellee, and not destructive of appellant=s theory of
recovery, constituted judicial admissions conclusive upon appellee, and
relieving appellant=s burden of
proving the admitted fact, and bars appellee from disputing it.  Hennigan v. I.P.
Petroleum Co., Inc., 858 S.W.2d 371, 372 (Tex.1993).  The rationale behind this rule Ais that it
would be unjust to permit a party to recover after he has sworn himself out of
court by clear, unequivocal testimony.@  Mendoza v. Fid.
& Guar. Ins. Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980).  The judicial admissions made the proof of the
liability part of appellant=s cause of
action conclusive as a matter of law, and jury question number one should not
have been submitted to the jury.  A no
evidence point of error must be sustained when the record discloses the
evidence established conclusively the opposite of the vital fact.  See Juliette Fowler
Homes, Inc., 793 S.W.2d at 666.








A defensive
theory, unsubstantiated by fact, science or medical precedent, was offered by
appellee=s expert that
the applicable medical standard did not really apply if a patient had an
abnormal anatomy.  This defensive theory
is unreliable and speculative since it had never been heard of, observed or
written about previously.  See E.I. du
Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 557 (Tex. 1995)
(setting forth the applicable standard for admission of scientific evidence in
Texas).  Even if the defensive theory had
been properly based on a body of scientific, technical or other specialized
knowledge, it was no evidence in this case because there was no proof appellant=s anatomy was
abnormal in any respect.  If an expert=s opinion is
based on facts that are materially different from the facts in evidence, then
the opinion is not evidence.  Gen. Motors Corp. v. Sanchez, 997 S.W.2d 584, 596 (Tex.
1999).  Appellee=s expert=s defensive
theory is not based on fact, but relies on mere possibility, speculation and
surmise.  Schaeffer
v. Tex. Employers= Ins. Ass=n,
612 S.W.2d 199, 204 (Tex. 1980). 
A no evidence point of error must be sustained when the record discloses
a complete absence of a vital fact.  See Juliette Fowler Homes, Inc., 793 S.W.2d at 666.

Appellant=s issue is
sustained.

There were no
jury findings as to appellant=s damages
because the remaining jury issues, being predicated on an affirmative answer to
question number one, were not answered by the jury.

In effect,
appellant=s motion for a
new trial was a pre-judgment motion that was not ruled on until the date of
judgment was entered.  Since the trial
court held a hearing on the motion and considered it for sixteen days before ruling
thereon, it had the opportunity to address appellant=s no evidence
complaints without granting or overruling appellant=s motion.  Scurlock Permiam Corp. v. Brazos County, 869
S.W.2d 478, 489 (Tex. App.BHouston [1st.
Dist.] 1993, writ denied).  We reverse
and render the liability part of appellant=s cause of
action, reverse and remand the damages part of her cause, Tex. R. App. P. 43.2(c)&(d), and order a separate new trial solely on
unliquidated damages as liability is not contested.  Tex. R. App. P. 44.1(b).

                                                                                                                    

_______________________________

MAURICE AMIDEI,

JUSTICE

Publish.  Tex. R. App. P. 47.3.

Opinion delivered and filed this the

18th day of
July, 2002.











[1]
Former Justice Maurice Amidei,
assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov=t Code Ann. ' 74.003 (Vernon 1998).