COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                     NO.
 2-09-00195-CV

 

 

IN RE HARRY MATTHEW FRY                                                   RELATOR

 

 

 

 

 

 

 

                                              ------------

                                    ORIGINAL
PROCEEDING

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

I. Introduction     








Relator,
Harry Matthew Fry, filed a petition for writ of mandamus complaining of the May
28, 2008 order entered by the Respondent, Judge William Harris of the 233rd
District Court, which declared the July 28, 1999 AOrder of
Enforcement of Contempt, For Suspension of Commitment, and Modification of
Child Support@ signed and entered by the 254th
District Court of Dallas County void as a matter of law.  Relator asks this court to order the trial
court to vacate the May 28, 2008 order and enter a new order reinstating the
July 28, 1999 order.  Relator also filed
a motion for emergency relief in which he asks this court to issue an order
staying any further proceedings to confirm the child support arrearage in cause
number 233-410726 and staying and abating the Texas Attorney General=s AAdministrative
Writ of Withholding and Notice to Withhold For Healthcare
Coverage@ until this court resolves the
issues raised in the petition for writ of mandamus.  We issued an order granting a stay of the
proceedings in cause number 233-410726 and denying the motion to stay and abate
the administrative writ of withholding and notice to withhold for healthcare
coverage.  We will grant Relator=s
petition for writ of mandamus.

II. Factual and Procedural
Background








On
December 6, 1990, Relator and Real Party in Interest, Stacy Lynn Fry aka Stacy
Caylor, were divorced in the 254th trial court. 
On April 15, 1992 or April 16, 1992, the 254th trial court entered a
support order for two minor children, Elizabeth and Cydney.  On July 26, 1999, the 254th trial court
signed and entered an Order of Dismissal for want of prosecution on the Motion
for Enforcement of Child Support Order. 
However, two days later, on July 28, 1999, the 254th trial court signed
and entered the Order of Enforcement of Contempt, For Suspension of Commitment,
and Modification of Child Support.[2]

On
November 6, 2007, after the case was transferred to Tarrant County, the
associate judge of the 233rd trial court held a hearing regarding the validity
of the prior court orders on the motion to confirm support and ruled that the
July 28, 1999 order was void.  Relator
appealed the ruling to the district court, and on January 2, 2008, the matter
was heard de novo by Judge Harris. 
However, the court entered a default judgment against Relator because he
and his counsel failed to appear at the January 2, 2008 hearing.








On March
3, 2008, the attorney general=s office
filed an amended motion to confirm arrearage. 
On May 28, 2008, the 233rd trial court entered an order finding that the
July 28, 1999 order was void as a matter of law and ordered the parties to
amend their pleadings to proceed on the order in effect immediately prior to
the July 28, 1999 order.  On June 2,
2008, Relator filed a motion for new trial arguing that his failure to appear
at the January 2008 hearing was due to accident and mistake.  The motion for new trial was overruled by
operation of law.  Relator then appealed
the trial court=s May 28, 2008 order to this
court, which issued an opinion on September 25, 2008, dismissing the appeal for
want of jurisdiction.

Thereafter,
the attorney general=s office sent a notice to
withhold for healthcare coverage for Cydney and an administrative writ of
withholding dated May 12, 2009 to Relator=s
employer, ordering the employer to deduct $1,060 per month from Relator=s pay
for past due child support for Elizabeth and Cydney.

III.  Analysis

A.  Relator=s
Contentions








In his
petition for writ of mandamus, Relator contends that the trial court had no
authority to enter the May 28, 2008 order setting aside the July 28, 1999 order
almost nine years after plenary power had expired.  Relator argues that a trial court=s
plenary power over a case generally ends thirty days after a final judgment is
signed when no post-verdict motion is filed and that, after the trial court=s
plenary power has expired, it has no authority to set aside a final judgment
except by bill of review.  See
Tex. R. Civ. P. 329b(d), (f); Thursby v. Stovall, 647 S.W.2d 953, 954
(Tex. 1983).  Relator further contends that
Caylor did not timely file a bill of review in support of her contention that
the July 28, 1999 judgment was void. 
Therefore, Relator argues that the trial court abused its discretion by
entering the May 28, 2008 judgment which set aside the July 28, 1999 judgment
as Avoid as
a matter of law.@ 
Relator also argues that any change in judgment during the trial court=s
plenary power should be treated as a modified, corrected, or reformed judgment
that presumptively vacates the trial court=s former
judgment unless the record indicates a contrary intent.  See Owens-Corning Fiberglas Corp. v.
Wasiak, 883 S.W.2d 402, 411 (Tex. App.CAustin
1994, no writ).  Relator argues that
there is no record of a contrary intent; accordingly, the July 28, 1999
judgment modified, corrected, or reformed the July 26, 1999 order of dismissal.

B. Caylor=s
Response








Caylor
responds that the trial court did not abuse its discretion by finding that the
July 28, 1999 order was void as a matter of law because that order did not
dispose of all parties and, therefore, was not final.  Specifically, Caylor argues that the July 28,
1999 order did not address the claims of the attorney general, set forth the
agreement of the attorney general, or even acknowledge that the attorney
general was part of the case.  Thus,
Caylor contends that the July 28, 1999 order could not have been a final order
as it did not dispose of all issues and all parties.  See Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001).  Caylor
further contends that, unlike the July 28, 1999 order, the July 26, 1999 order
dismissing the case for want of prosecution had addressed all issues and all
parties and was therefore a final order. 
Caylor additionally argues that in order for the July 28, 1999 order to
have effect it needed to clearly indicate that it intended to vacate, set
aside, amend, or modify the July 26, 1999 order, which it did not.  See In re Hamilton, 975 S.W.2d 758,
760 (Tex. App.CCorpus Christi 1998, pet.
denied).

C. 
Attorney General=s
Response

In its
response, the attorney general agrees with Relator=s
contention that the July 28, 1999 order is a valid modified or corrected
judgment signed within the trial court=s
plenary power.  The attorney general
contends that the parties have not shown anything in the record indicating that
the trial court signed the July 28, 1999 order for the sole purpose of
extending the appellate timetable.  See
Mackie v. McKenzie, 890 S.W.2d 807, 808 (Tex. 1994).  Therefore, the attorney general argues that,

[A]ny change, whether or not material or substantial, made in a
judgment while the trial court retains plenary power, operates to delay the
commencement of the appellate timetable until the date the modified, corrected
or reformed judgment is signed.

 

See Check
v. Mitchell, 758 S.W.2d 755, 756 (Tex. 1988) (per curiam).








The
attorney general contends that the trial court=s July
28, 1999 judgment made sufficient changes to the July 26, 1999 dismissal order
to satisfy the Check standard and, thus, created a new judgment.  See In re J.L., 163 S.W.3d 79, 83
(Tex. 2005).  Accordingly, the attorney
general argues that the July 26, 1999 order was vacated by the July 28, 1999
final judgment enforcing and modifying the child support.  See Abercia v. Kingvision Pay-Per-View,
Ltd., 217 S.W.3d 688, 706 (Tex. App.CEl Paso
2007, pet. denied); Quanaim v. Frasco Restaurant & Catering, 17
S.W.3d 30, 40 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied); Owens-Corning Fiberglas Corp., 883 S.W.2d at 411.

The
attorney general further contends that Caylor=s
reliance on Hamilton is misplaced because the Hamilton court
relied solely on cases pre-dating Check to follow a rule no longer in
effect.  See McCormack v. Guillot,
597 S.W.2d 345, 346 (Tex. 1980); Poston Feed Mill Co. v. Leyva, 438
S.W.2d 366, 368 (Tex. Civ. App.CHouston
[14th Dist.] 1969, writ dism=d
w.o.j.).  Because Hamilton ignored
both Check and Mackie as well as the language from Rule 329b upon
which Check relies, the attorney general argues that Check, not Hamilton,
controls in this case.  We agree.








Lastly,
the attorney general disagrees with Caylor=s
argument that the July 28, 1999 order did not dispose of all issues and parties
because it did not address the claims of the attorney general, set forth the
agreement of the attorney general, or acknowledge that the attorney general was
part of the case.  Specifically, the
attorney general points out that the order recites the appearance of an
assistant attorney general; was not an agreed order because it was signed by
Relator and Caylor without any such notation; states that the proceedings were
brought under Part D of Title IV of the federal Social Security Act; states
that all matters of law and fact were presented; and states that the
allegations of the motion for enforcement were correct and proven.  The attorney general is the state=s
designated Title IV-D agency authorized to bring such a IV-D proceeding to
enforce and modify child support.  See
Tex. Fam. Code Ann. '' 231.001, 231.101(a) (Vernon
2009).  Accordingly, the attorney general
argues that because the order acknowledges that it was a party, grants a child
support arrearage judgment against Relator in its favor, orders that child
support be paid through the attorney general, and concludes by stating that all
relief requested and not expressly granted is denied, the order appears to be a
final judgment disposing of all issues and parties.  We agree.

D.  Legal
Authority








Proceedings
related to the trial court=s
judgment after its plenary power has expired are generally beyond the trial
court=s
jurisdiction.  See In re Dickason,
987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); Coleman v. Sitel Corp.,
21 S.W.3d 411, 413 (Tex. App.CSan
Antonio 2000, no pet.) (holding that the trial court had no jurisdiction to
change or vacate its judgment after its plenary power had expired); Moore v.
Brown, 993 S.W.2d 871, 874 (Tex. App.CFort
Worth 1999, pet. denied) (stating that once Aa trial
court=s
plenary power has expired, it has no jurisdiction to modify or change its
original judgment except by bill of review@); see
also State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995) (AJudicial
action taken after the court=s
jurisdiction over a cause has expired is a nullity.@).








Rule of
civil procedure 165a governs the reinstatement of cases dismissed for want of
prosecution.  Tex. R. Civ. P. 165a.  The rule requires a party seeking
reinstatement to file a verified motion to reinstate within thirty days after
the court signs the dismissal order or within the time provided by rule of
civil procedure 306a.  See Tex. R.
Civ. P. 165a(3), 306a; see also McConnell v. May, 800 S.W.2d 194, 194
(Tex. 1990) (orig. proceeding).  In the
absence of a verified motion to reinstate, the trial court=s
plenary jurisdiction expires thirty days after the date on which it signed the
final order of dismissal.  See
Tex. R. Civ. P. 165a(3); Owen v. Hodge, 874 S.W.2d 301, 303 (Tex. App.CHouston
[1st Dist.] 1994, no writ).  However, a
trial court retains plenary power to reinstate a case on its own motion within
thirty days after the order of dismissal is signed.  Tex. R. Civ. P. 329b(d); see Neese v. Wray,
893 S.W.2d 169, 170 (Tex. App.CHouston
[1st Dist.] 1995, no writ) (holding that a trial court, acting within its
plenary power, may reinstate a case on its own motion or at the request of a
party who filed an unverified motion); City of McAllen v. Ramirez, 875
S.W.2d 702, 704 (Tex. App.CCorpus
Christi 1994, no writ).

E. 
Conclusion

In the
instant case, the trial court=s July
28, 1999 order clearly reinstated the case while it retained plenary
power.  Accordingly, we hold that the
233rd trial court abused its discretion by signing and entering the May 28,
2008 order finding the July 28, 1999 order void because the trial court
retained plenary power to reinstate the case through its July 28th order.  Tex. R. Civ. P. 329b(d); see Neese,
893 S.W.2d at 170; Ramirez, 875 S.W.2d at 704.  We conditionally grant Relator=s
petition for writ of mandamus.  We are
confident that the trial court will vacate its order of May 28, 2008, and the
writ will issue only if the trial court fails to do so.

 

 

ANNE GARDNER

JUSTICE

 

 

PANEL:  GARDNER, WALKER, and
MCCOY, JJ.

 

DELIVERED: March 17, 2010











[1]See Tex. R. App. P. 47.4.





[2]On December 6, 2000, in
the 254th trial court, Relator=s parental rights were terminated as to Cydney,
who was determined not to be Relator=s biological child, and she was simultaneously
adopted by her step-father.