

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-15-00205-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| CRISPEN HANSON, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20120D03212) |

# **O P I N I O N**

The State of Texas is appealing from an order of the trial court placing Appellee, Crispen Hanson, on shock probation. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(2)(West Supp. 2016)(permitting State to appeal an order which arrests or modifies a judgment). Finding that the State did not timely file its notice of appeal, we dismiss the appeal for lack of jurisdiction.

## **FACTUAL SUMMARY**

Appellee, Crispen Hanson, was charged by indictment with capital murder (Count I), murder (Count II), and injury to a child (Counts III and IV) in cause number 20120D03212. The State dismissed Counts I and II in exchange for Hanson's plea of guilty to Counts III and IV, and the trial court assessed Hanson's punishment in accordance with the plea bargain at imprisonment for a term of eight years. The judgment included a delayed surrender date of February 2, 2015, but the trial court granted Hanson's motion to extend the surrender date to March 16, 2015. Hanson filed another motion seeking an extension of the surrender date allegedly due for medical

reasons, but the trial court did not conduct a hearing before the surrender date, and Hanson surrendered himself on March 16, 2015 in compliance with the trial court's order. Hanson subsequently filed a motion requesting that he be released on bond. On April 14, 2015, the trial court entered an order granting Hanson's motion to be released on bond and releasing Hanson from custody.

On May 13, 2015, the State filed a mandamus petition to challenge the order releasing Hanson order, and we requested that Hanson filed a response no later than July 1, 2015. *See In re State of Texas*, cause no. 08-15-00161-CR. On June 11, 2015, the trial court filed a document titled "Sua Sponte Motion to Hold a Hearing to Determine Whether to Suspend the Remainder of the Defendant's Prison Sentence and Place the Defendant on Community Supervision." Following a hearing, the court entered an order on June 15, 2015, suspending further imposition of Hanson's prison sentence and placing him on shock probation. The order included findings of fact, seven numbered paragraphs setting forth applicable law, and three concluding paragraphs addressing the trial court's conclusion that Hanson qualified for community supervision. On that same date, the trial court entered an amended judgment of conviction reflecting that Hanson had been placed on community supervision for eight years. Further, the trial court signed an order on June 15, 2015 establishing the terms and conditions of community supervision. The court signed on amended order on June 25, 2015 which included fourteen additional findings of fact not contained in the June 15, 2015 order, but the amended order did not include any substantive changes. The State filed written notice of appeal on July 13, 2015.

## JURISDICTION

Hanson contends in his brief that the appeal should be dismissed for lack of jurisdiction because the State did not file its notice of appeal within twenty days after the trial court signed the

June 15, 2015 order. The State responds that it is appealing the amended order signed by the trial court on June 25, 2015, not the June 15, 2015 order, because the amended order replaced the earlier order and re-started the appellate timetable.

Under Article 44.01(a)(2), the State is permitted to appeal an order which arrests or modifies a judgment. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(2). Because an order granting shock probation modifies the judgment of conviction, the State has a right to appeal the order under Article 44.01(a)(2). *State v. Robinson*, 498 S.W.3d 914, 919 (Tex.Crim.App. 2016). The prosecuting attorney must file the notice of appeal no later than twenty days after the date on which the order, ruling, or sentence to be appealed is entered by the court. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(d); TEX.R.APP.P. 26.2(b)("The notice of appeal must be filed within 20 days after the day the trial court enters the order, ruling, or sentence to be appealed."). The appellate timetable begins to run on the date the trial judge signs the order. *See State v. Wachtendorf*, 475 S.W.3d 895, 897 (Tex.Crim.App. 2015); *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex.Crim.App. 1991); *State ex rel. Sutton v. Bage*, 822 S.W.2d 55, 57 (Tex.Crim.App. 1992). The deadline established by Article 44.01(d) is more than a mere procedural deadline; it is a substantive limit on the State's authority to appeal. *State v. Rollins*, 4 S.W.3d 453, 454 (Tex.App.--Austin 1999, no pet.), *citing State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim.App. 1992).

In his notice of appeal, the District Attorney expressly stated that he was appealing the trial court's amended order dated June 25, 2015. The record shows, however, that the trial court modified Hanson's sentence on June 15, 2015 by entering the order granting shock probation and by signing an amended judgment placing him on community supervision for eight years. While the trial court signed an amended order on June 25, 2015 for the ostensible purpose of adding additional findings of fact, the amended order did not include any substantive changes to the initial

order placing Hanson on community supervision for eight years.

The issue before us is whether the entry of the amended shock probation order re-started the appellate timetable. Citing several civil cases, the State argues that the amended shock probation order replaced or superceded the June 15, 2015 order, and therefore, the appellate timetable re-started on June 25, 2015 with the entry of the amended order.[1] The Rules of Civil Procedure and the Rules of Appellate Procedure contain rules addressing when the appellate timetable begins to run in a civil case, and a body of law applying these rules and related concepts has developed. *See* TEX.R.CIV.P. 306a, 329b; TEX.R.APP.P. 4.3. These rules and concepts are not applicable to a criminal appeal by either the defendant or the State.[2]

The June 15, 2015 shock probation order modified the judgment of conviction and it is this modification of the final judgment of conviction which gives rise to the State's right to appeal under Article 44.01(a)(2). The trial court entered an amended judgment of conviction on June 15, 2015 to reflect the modification and the court also signed orders establishing the terms and conditions of community supervision on that same date. The amended shock probation order signed by the trial court on June 25, 2015 added findings of fact, but it did not modify the amended judgment of conviction in any way. Under the unique facts of this case, we conclude that the appellate timetable began running on June 15, 2015 when the trial court modified the final

---

[1] The State cites *Check v. Mitchell*, 758 S.W.2d 755 (Tex. 1988), *City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722 (Tex. 1981), *Black v. Shor*, 443 S.W.3d 170 (Tex.App.--Corpus Christi 2013, no pet.), and *Ferguson v. Naylor*, 860 S.W.2d 123 (Tex.App.--Amarillo 1993, writ denied).

[2] For example, the State relies on the Supreme Court's decision in *Check v. Mitchell* which holds that "any change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed." *Check*, 758 S.W.2d at 756. In reaching this conclusion, the Texas Supreme Court applied Texas Rule of Civil Procedure 329b(h) which provides that "[i]f a judgment is modified, corrected or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed…." TEX.R.CIV.P. 329b(h). Rule 329b is inapplicable to criminal cases, and the Code of Criminal Procedure does not contain a similar provision. Consequently, *Check v. Mitchell* is not controlling and it does not assist our analysis of the jurisdictional issue presented here.

judgment of conviction, and the entry of the amended shock probation order did not re-start the appellate timetable. Under Article 44.01(d), the State's notice of appeal was due to be filed no later than July 5, 2015. The notice of appeal filed on July 13, 2015 was untimely. Accordingly, we dismiss the appeal for lack of jurisdiction.


                                                  ANN CRAWFORD McCLURE, Chief Justice

July 26, 2017

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., not participating

(Do Not Publish)