

# NUMBER 13-20-00314-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOSE MARCOS MONTALVO,                                                   Appellant,

v.

HAROLD K. TUMMEL,                                                        Appellee.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellant Jose Marcos Montalvo appeals from the trial court's denial of his application for temporary injunction. Appellee Harold Tummel has filed a motion to dismiss the appeal arguing that Montalvo's application for temporary injunction was filed after the expiration of the trial court's plenary power. We dismiss the appeal for want of jurisdiction.

Tummel filed suit against Montalvo seeking possession of real property and a declaration that he is the owner of said property. On February 7, 2020, the trial court signed a final judgment in Tummel's favor. Montalvo filed a motion for new trial on February 19, which was overruled by operation of law on April 22. *See* TEX. R. CIV. P. 329b(c). On June 24, Montalvo filed an application for temporary restraining order and temporary injunction seeking to enjoin Tummel from removing Montalvo from the subject property or selling the property. The trial court signed an order denying Montalvo's application for injunctive relief on July 8. Montalvo appeals from this order.

After Montalvo filed the instant appeal, the trial court signed an August 6 order vacating its order denying injunctive relief. In the order, the trial court states that it was without jurisdiction to consider Montalvo's application for injunctive relief because its plenary power had expired. *See id*. R. 329b(f) ("[T]he court may at any time . . . sign an order declaring a previous judgment or order to be void because signed after the court's plenary power had expired.").

A trial court retains jurisdiction over a case for thirty days after a timely filed motion for new trial is overruled, either by a written and signed order or by operation of law. *Id*. R. 329b(e); *see Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). After the expiration of thirty days, the trial court loses its plenary power and lacks jurisdiction to act in the matter. *See Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988) (per curiam). Any action taken by the trial court after its plenary power expires is void. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

2

An appellate court does not have jurisdiction to address the merits of appeals from void orders. *Freedom Commc'ns., Inc. v. Coronado*, 372 S.W.3d 621, 623–24 (Tex. 2012) (per curiam). In such a case, the appellate court must declare the orders void and dismiss the appeal. *See Owens*, 907 S.W.2d at 486 ("The court of appeals should have dismissed [appellant's] appeal for lack of jurisdiction because the order appealed from was signed long after the district court's plenary jurisdiction had expired."). Whether a trial court's plenary power has expired is a question of law we review de novo. *Estate of Brazda*, 582 S.W.3d 717, 731 (Tex. App.—Houston [1st Dist.] 2019, no pet.).

Here, Montalvo's motion for new trial was overruled by operation of law on April 22. *See* Tex. R. Civ. P. 329b(c). The trial court's plenary power over the judgment expired thirty days later on May 22. *See id*. R. 329b(e). When Montalvo filed his application for temporary injunction, the trial court was without authority to grant Montalvo relief. *See Mitchell*, 758 S.W.2d at 756. Therefore, the trial court properly determined that its order denying relief was void, and we are without jurisdiction to address the merits of Montalvo's appeal. *Coronado*, 372 S.W.3d at 623–24.

Having reviewed Tummel's motion to dismiss, this Court finds that the motion is meritorious and should be granted. Therefore, the appeal is DISMISSED FOR WANT OF JURISDICTION. Any other pending motions are denied as moot.

LETICIA HINOJOSA
Justice

Delivered and filed the
1st day of October, 2020.

3