

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00336-CV
_____

IN THE MATTER OF THE MARRIAGE OF DAISY JOANNA MENDOZA AND ADRIAN
JOE MENDOZA AND IN THE INTEREST OF E.M., A CHILD

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 75,119-L2, Honorable Matthew C. Martindale, Presiding

December 23, 2020

## ORDER OF ABATEMENT AND REMAND

Before PIRTLE and PARKER and DOSS, JJ.

Adrian Joe Mendoza appeals from the trial court's *Final Decree of Divorce* dissolving his marriage to Daisy Joanna Mendoza. Because the trial court modified the final divorce decree without signing a new final judgment, we remand the cause to the trial court for further proceedings.

Background

On June 24, 2019, the trial court signed the *Final Decree of Divorce*. Thereafter, Adrian timely filed a motion for new trial and motion to modify, correct, or reform the

judgment.  *See* TEX. R. CIV. P. 329b(a), (g).  At the hearing on the motions, Adrian and Daisy agreed to modify the decree of divorce to include the agreed start date for child support, the parties' retirement accounts, vehicles in Adrian's possession, the business known as "APR1," and APR1's associated business debt.  The trial court orally granted Adrian's motion to modify the decree in accordance with the parties' agreement but took Adrian's request to include extended visitation provisions under advisement.  Adrian withdrew his motion for new trial at the hearing.

Adrian's motion to modify the judgment was overruled by operation of law on September 9, 2019.  *See* TEX. R. CIV. P. 4, 329b(c).  On October 9, 2019, the trial court signed an *Order on Motion to Modify, Correct, or Reform Judgment*, granting the corrections agreed to by the parties and denying Adrian's request to include the extended visitation provisions.  Although the trial court did not sign an amended divorce decree, Adrian appealed.  The record and briefs have been filed and the appeal has been submitted to this Court.

Analysis

The trial court issued an order modifying the *Final Decree of Divorce* within its plenary power.  *See* TEX. R. CIV. P. 329b(d), (e) (providing that a trial court has plenary power to vacate or modify its judgment within thirty days after the judgment is signed or within thirty days after all timely motions for new trial or motions to modify are overruled).  When a judgment is modified or reformed, the signing of an amended judgment initiates the running of a new period of the court's plenary power over the modified judgment and a new appellate timetable.  *See* TEX. R. CIV. P. 329b(h); TEX. R. APP. P. 4.3(a); *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988).  Thus, without an amended divorce decree,

2

there is no modified, final judgment for this Court to review and Adrian's appeal is premature. *See* Tex. R. App. P. 27.1(a), 27.2; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").

We are prohibited from dismissing an appeal, however, if the trial court's erroneous action or inaction prevents the proper presentation of an appeal and can be corrected by the trial court. *See* Tex. R. App. P. 44.4(a), (b) (requiring courts of appeals to direct the trial court to correct the error if these circumstances exist). Further, we may permit a party to cure a prematurely filed appeal by allowing "an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record." Tex. R. App. P. 27.2; *see Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam) (abating appeal to allow trial court to cure jurisdictional defect when only ministerial act of making the judgment final remained).

Accordingly, we abate this appeal and remand the cause to the trial court. *See* Tex. R. App. P. 27.2, 44.4(b). Upon remand, the trial court may issue such further orders or judgments necessary to create a final, appealable order or judgment in this cause. Unless a final, appealable order or judgment is included in a supplemental clerk's record and filed with the Clerk of this Court on or before February 8, 2020, the appeal will be reinstated and dismissed for want of jurisdiction.

It is so ordered.

Per Curiam

3