

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00336-CV

---

IN THE MATTER OF THE MARRIAGE OF DAISY JOANNA MENDOZA AND
ADRIAN JOE MENDOZA AND IN THE INTEREST OF E.M., A CHILD

---

On Appeal from the County Court at Law No. 2
Randall County, Texas
Trial Court No. 75,119-L2, Honorable Matthew C. Martindale, Presiding

---

February 23, 2021

## ORDER REINSTATING AND DISMISSING APPEAL

Before QUINN, C.J., and PARKER and DOSS, JJ.

Adrian Joe Mendoza filed a notice of appeal from the trial court's *Final Decree of Divorce*. The trial court later granted a modification to the divorce decree within its plenary power but did not issue a modified, final judgment. On appeal, we remanded the cause to allow Adrian the opportunity to secure a final judgment from the trial court. Because Adrian has failed to do so within the time provided, we reinstate the cause and dismiss the premature appeal for want of jurisdiction.

## Background

On June 24, 2019, the trial court signed the *Final Decree of Divorce* dissolving the marriage of Adrian and Daisy Joanna Mendoza.  Adrian timely filed a motion for new trial and motion to modify, correct, or reform the judgment.  *See* TEX. R. CIV. P. 329b(a), (g).  At the hearing on the motions, Adrian and Daisy agreed to modify the decree of divorce to include the agreed start date for child support, the parties' retirement accounts, vehicles in Adrian's possession, the business known as "APR1," and APR1's associated business debt.  The trial court orally granted Adrian's motion to modify the decree in accordance with the parties' agreement but took Adrian's request to include extended visitation provisions under advisement.  Adrian withdrew his motion for new trial at the hearing.

Adrian's motion to modify the judgment was overruled by operation of law on September 9, 2019.  *See* TEX. R. CIV. P. 4, 329b(c).  On October 9, 2019, the trial court signed an *Order on Motion to Modify, Correct, or Reform Judgment*, granting the corrections agreed to by the parties and denying Adrian's request to include the extended visitation provisions.  Although the trial court did not sign an amended divorce decree, Adrian appealed.  The record and briefs have been filed and the appeal has been submitted to this Court.

## Analysis

The trial court issued an order modifying the *Final Decree of Divorce* within its plenary power.  *See* TEX. R. CIV. P. 329b(d), (e) (providing that a trial court has plenary power to vacate or modify its judgment within thirty days after the judgment is signed or within thirty days after all timely motions for new trial or motions to modify are overruled).

When a judgment is modified or reformed, the signing of an amended judgment initiates the running of a new period of the court's plenary power over the modified judgment and new appellate timetable tables. *See* TEX. R. CIV. P. 329b(h); TEX. R. APP. P. 4.3(a); *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988). Thus, without an amended divorce decree, there is no modified, final judgment for this Court to review and Adrian's appeal is premature. *See* TEX. R. APP. P. 27.1(a), 27.2; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").

On December 23, 2020, we abated the appeal and remanded the cause to the trial court to provide Adrian the opportunity to secure a modified, final judgment. *See* TEX. R. APP. P. 27.2 ("An appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record."); *Iacono v. Lyons*, 6 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 1999, order) (per curiam) (abating appeal to allow the trial court to cure jurisdictional defect when only the ministerial act of making the judgment final remained). We admonished that if a final judgment or appealable order was not filed in a supplemental clerk's record with this Court by February 8, 2021, we would reinstate the cause and dismiss the appeal for want of jurisdiction. To date, a supplemental record containing a final judgment has not been filed and Adrian has had no communication with this Court explaining the omission.[1]

---

[1] We have also been notified by the trial court clerk and coordinator that no modified judgment has been issued.

3

Because Adrian has not presented this Court with a final judgment or appealable order, we dismiss the appeal for want of jurisdiction without prejudice to its refiling. *See* TEX. R. APP. P. 42.3(a).

Per Curiam