**Opinion issued May 21, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00606-CV

————————————

**SHIRIN NOORALI MALIK, Appellant**

**V.**

**AKBER ALI MALIK, AZIZ ALI MALIK, SUMMAIYA AZIS ALI MALIK, VINAY DHIRENDRA KOTAK, POONAM VINAY KOTAK, SIMRAN VINAY KOTAK, JOHNNIE J. MOORE, VAD LLC D/B/A A.V. DIAMONDS, ZK VENTURES, LLC, LORDS JEWELERS, LLC D/B/A MAHJARAJ A. JEWELERS, DISCOUNT DIAMOND JEWELRY, INC., AND A.V. DIAMONDS, INC. D/B/A/ A.V. DIAMONDS, Appellees**

---

**On Appeal from the 505th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-256525**

---

**MEMORANDUM OPINION**

Appellant Shirin Noorali Malik appeals from her final divorce decree entered on May 27, 2002. Because her notice of appeal was not timely, we dismiss the appeal for lack of jurisdiction.

**Background**

This appeal stems from a final divorce decree entered in divorce proceedings involving Shirin Noorali Malik and Akber Ali Malik. After a jury trial, the trial court issued a "Ruling of the Court–Final" on February 4, 2022. The February 4 order included a spreadsheet that valued and distributed marital assets. But the order inadvertently awarded a certain money market account to both Shirin and Akber. On April 25, 2022, the trial court issued a "Clarification of Prior (02/04/2022) Ruling," amending the February 4 order to, among other things, include damages awarded by the jury to Akber for intentional infliction of emotional distress. The April 25 order, however, did not modify the incorrect distribution of the money market account to both Shirin and Akber.

On April 29, 2022, Akber filed an "Unopposed Motion for Modification of Court's Ruling Dated April 25, 2022" seeking to void the award of the money market account to him and a modification to clarify the account should be awarded to Shirin only. A few days later, on May 2, 2022, Akber filed a "Motion for Entry of Final

Decree of Divorce," attaching a proposed final decree awarding the money market account to Shirin.

On May 27, 2022, the trial court signed the proposed order attached to Akber's Motion for Entry of Final Decree of Divorce. The signed Final Divorce Decree corrected the distribution of the money market account, awarding the account to Shirin. Despite the issuance of its Final Divorce Decree on May 27, 2022, on June 10, 2022, the trial court signed an order granting Akber's previously filed Unopposed Motion for Modification of the court's superseded April 25, 2022 judgment. The June 10 order purports to void the award of the money market account to Akber, even though the May 27, 2022 Final Divorce Decree had already awarded the account to Shirin.

Shirin filed a motion for new trial on June 28, 2022. She then filed her notice of appeal on August 22, 2022. This Court issued a notice to Shirin advising her that it appeared her notice of appeal was not filed timely. We asked that she provide a response indicating why her appeal was timely and why we had jurisdiction over the appeal. Shirin filed a response arguing that because the trial court issued an order on June 10, 2022 that modified the Final Divorce Decree, her appellate deadlines began to run on June 10. She argued that she timely filed a motion for new trial on June 28, 2022, extending her deadline to file her notice of appeal to ninety days after

3

the June 10 order was signed, and that she filed her notice of appeal seventy-three days after the June 10, 2022 order.

In their response, Appellees[1] argued that the June 10, 2022 order was neither a final judgment nor a modification of the Final Divorce Decree. They explained that in the June 10 order, the trial court purported to correct an inconsistency in the prior interlocutory order of the court dated February 4, 2022, which order ultimately was superseded by the court's issuance of the Final Divorce Decree on May 27, 2022. They further argued that the Final Divorce Decree included the correct asset distribution, rendering the June 10, 2022 order "superfluous." Thus, they argued, the deadline for Shirin to file any motion for new trial was June 26, 2022. Because her motion for new trial was late, the appellate deadlines were not extended, and her notice of appeal was due on June 26, 2022, thirty days from entry of the May 27 Final Divorce Decree.[2] Because Shirin filed her notice of appeal on August 22, 2022, they argued Shirin's notice of appeal was untimely.

---

[1]     Five of the Third Parties filed a reply to Shirin's jurisdictional response. They assert in their reply that they "conferred with counsel for the remaining Appellees, and all concur with the factual recitations . . . and the arguments supporting dismissal."

[2]     The thirtieth day fell on June 26, 2022, a Sunday, so the notice of appeal or motion for new trial would have been due on the next business day, June 27, 2022. TEX. R. APP. P. 4.1(a).

4

## Discussion

To invoke this Court's jurisdiction, a timely notice of appeal must be filed. *See Wilson v. Avendano*, No. 01-21-00631-CV, 2021 WL 5903920, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2021, no pet.) (mem. op.) ("Absent a timely filed notice of appeal, we lack jurisdiction over an appeal.") (citing TEX. R. APP. P. 25.1); *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005) ("Because [appellant's] notice of appeal was untimely, the court of appeals lacked jurisdiction over the appeal[.]"); *Zen Ventures, LLC v. Propel Fin. Servs.*, No. 01-23-00324-CV, 2023 WL 4711420, at *1 (Tex. App.—Houston [1st Dist.] July 25, 2023, no pet.) (mem. op.) ("If a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal.") (citing TEX. R. APP. P. 25.1(b)).

Generally, a notice of appeal is due thirty days after the judgment is signed. TEX. R. APP. P. 26.1; *Zen Ventures*, 2023 WL 4711420 at *1. When certain post-judgment motions are timely filed, the deadline to file a notice of appeal is extended to ninety days after entry of the judgment. TEX. R. APP. P. 26.1(a). In addition, "[i]f a judgment is modified, corrected or reformed in any respect," the appellate deadline runs from the time the modified, corrected, or reformed judgment is signed. TEX. R. CIV. P. 329b(h). "[A]ny change to a judgment made by the trial court while it retains plenary jurisdiction will restart the appellate timetable under Rule 329b(h)[.]" *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000); *see also*

5

*Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988) ("We hold that any change, whether or not material or substantial, made *in a judgment* while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed.") (emphasis added).[3]

## A. The Divorce Proceedings

Akber filed his unopposed motion to modify on April 29, 2022, requesting a modification of the April 25, 2022 order that clarified the February 4, 2022 ruling regarding the distribution of marital assets. After Akber filed his motion to modify, the trial court signed its Final Decree of Divorce on May 27, 2022, which corrected the deficiency noted in the motion to modify. The Final Divorce Decree superseded all previous orders.

Despite the trial court's entry of the Final Decree of Divorce, for unknown reasons, the trial court on June 10, 2022 entered an order granting Akber's motion to modify.[4] Shirin thus argues that the appellate deadline began to run from June

---

[3]    *Cf. Xu v. Mao*, No. 05-01-01135-CV, 2002 WL 31388732, at *3 (Tex. App.—Dallas Oct. 24, 2002, no pet.) (mem. op.) (interpreting *Lane Bank* to extend trial court's plenary power and appellate deadlines "for *post*-judgment motions only," holding judgment cannot be modified by motion filed before judgment exists) (emphasis in original). The court in *Xu* concluded premature motions to modify do not "operate to extend the appellate timetables." *Id.*

[4]    The June 10 order voided the portion of the April 25 order that awarded a specific "BB&T Elite Gold-MM Checking Account" to Akber. The final divorce decree

10, 2022, the date on which the trial court signed the "Agreed Order Granting Petitioner's Unopposed Motion by Submission for Modification of Court's Ruling Dated April 25, 2022." She argues, without elaboration, that the June 10 order made modifications to the May 27, 2022 Final Divorce Decree. Appellees respond that the June 10 order merely modified an inconsistency in an interlocutory order the trial court signed on February 4, 2022, an order that was superseded by the entry of the Final Decree of Divorce on May 27, 2022. They argue the June 10 order "did not modify the Final Decree of Divorce—nor could it have because that decree did not contain the inconsistency to be remedied." Indeed, the June 10 order specifically states that it modifies the April 25, 2022 "Clarification of Prior Order (02/04/2022) Ruling."

We agree with Appellees that the June 10 order made no modifications and therefore, that Shirin's appeal is not timely. The Texas Supreme Court's opinion in *Naaman v. Grider*, 126 S.W.3d 73 (Tex. 2003) is instructive. There, the trial court reached a verdict in favor of the defendant ("Naaman") on January 28, 2000. *Id.* at 73. On February 25, 2000, Naaman filed a motion for judgment on the verdict. Grider, the plaintiff, filed a motion for new trial on March 9, 2000. On May 3, 2000,

awards a "BB&T Elite Gold Money Market Checking Account" to Shirin. Although the account numbers are redacted, it appears from the descriptions of the accounts that the references are to the same account. Thus, it appears the June 10 order did not make a modification to the divorce decree, as the award of the account to Shirin was in the final decree.

7

while both motions were pending, the trial court signed a final judgment on the verdict. *Id.* at 74. Subsequently, on June 1, 2000, the trial court denied the motion for new trial and granted the motion for judgment. *Id.* Neither order modified the final judgment signed earlier by the trial court on May 3, 2000.

Grider filed a notice of appeal on August 25, 2000. *Id.* The court of appeals held that the trial court's June 1, 2000 order "constituted the rendition of judgment" and triggered Grider's appellate deadlines, thus making her notice of appeal timely. *Id.* The Supreme Court disagreed, holding the appeal was late. As the court explained, had the June 1 order "modified, corrected, or reformed" the May 3 judgment "in any respect" or had it been the final judgment, the notice of appeal would have been timely. *Id.* But, because the June 1 order did not modify, correct, or reform the May 3 final judgment, but rather, "left the judgment undisturbed," the entry of the June 1 order did not impact Grider's appellate timetables. Grider was required to file her notice of appeal thirty days from entry of the final order, or on June 2, 2000. Because she filed her Notice of Appeal on August 25, 2000, the court held her appeal was not timely. The Supreme Court reversed the court of appeals and dismissed the appeal for lack of jurisdiction. *Id.* at 74–75.

The court's reasoning in *Naaman* applies with equal force here. The trial court signed the Final Divorce Decree on May 27, 2022. Generally, an appellant has thirty days from the date of the final judgment to file a notice of appeal or thirty days to

8

file a motion for new trial. TEX. R. APP. P.26.1; TEX. R. CIV. P. 329b(a). Shirin thus had until June 27, 2022 to file a motion for new trial or her notice of appeal.[5, 6] Apparently believing the trial court's June 10 order granting Akber's motion to modify extended her deadlines, Shirin filed a motion for new trial on June 28, 2022. But the trial court's June 10 order did not modify, correct, or reform the May 27 judgment "in any respect," nor was it a final judgment. *See* TEX. R. CIV. P. 329b(h). Like the June 1 order in *Naaman*, the June 10 order "left the judgment undisturbed." *See Naaman*, 126 S.W.3d at 74. Shirin's motion for new trial was therefore due on June 27, 2022. Had she filed a timely motion for new trial, Shirin's deadline to file her notice of appeal would have been extended to ninety days after the final judgment was signed, or until August 26, 2022.[7] But Shirin did not file a timely motion for new trial. Consequently, her notice of appeal was due thirty days from

---

[5]     *See supra*, note 2.

[6]     The time to file a notice of appeal may be extended if, within fifteen days after the deadline to file the notice of appeal, a party properly files a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is "necessarily implied" when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Shirin did not file her notice of appeal within fifteen days of her June 26, 2022 deadline, she is not entitled to the fifteen-day extension.

[7]     The ninetieth day fell on August 25, 2022, a Sunday, so if the ninety-day deadline was appropriate, it would have ended on the next business day, August 26, 2022. TEX. R. APP. P. 4.1(a).

the entry of the May 27, 2022 final judgment or, in light of Texas Rule of Appellate Procedure 4.1(a), on June 27, 2022.[8]

Shirin did not file her notice of appeal until August 22, 2022. Her appeal is thus late.

## B. The Third-Party Claims

In the divorce proceedings, Shirin filed an amended petition asserting various claims against several individuals and business entities ("Third Parties") claiming they had engaged and conspired to engage in wrongful conduct resulting in the diminution of the community estate. The Third Parties, Appellees in this matter, filed a summary judgment on Shirin's claims, and the trial court granted their motions on July 26, 2021 and April 29, 2023. In her appellate brief, Shirin challenges the trial court's order granting summary judgment in favor of the Third Parties. For the reasons noted below, we lack jurisdiction to review the trial court's summary judgment rulings.

Once the trial court entered its Final Divorce Decree on May 27, 2022, the summary judgment orders merged into the final judgment and became appealable. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment. . . ."); *City of Beaumont v. Guillory*,

---

[8]     *See supra*, note 2.

10

751 S.W.2d 491, 492 (Tex. 1988) (holding partial summary judgment becomes appealable when it merges into final judgment). For the same reasons we lack jurisdiction over Shirin's appeal of the Final Divorce Decree, we lack jurisdiction over the appeal involving the trial court's summary judgment rulings: Shirin's notice of appeal was not timely filed.

We also lack jurisdiction to review Shirin's challenge to the summary judgment orders because she did not identify them in her notice of appeal. In her filed notice of appeal, Shirin states only that she filed an appeal from the Final Decree of Divorce signed on May 27, 2022. *See Ortiz v. St. Teresa Nursing & Rehab. Ctr., LLC*, 579 S.W.3d 696, 702 (Tex. App.—El Paso 2019, pet. denied) ("[W]e are precluded from considering an appeal from an order never identified in the notice of appeal.") (quoting TEX. R. APP. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or *order appealed from.*") (emphasis in original)); *Jones v. Port Arthur Indep. Sch. Dist.*, No. 09-16-00374-CV, 2018 WL 3149162, at *1 n.2 (Tex. App.—Beaumont June 28, 2018, no pet.) (mem. op.) (declining to address issue related to order that was not identified in notice of appeal).

11

## Conclusion

We dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f); *Zen Ventures*, 2023 WL 4711420 at *2.  We dismiss all other pending motions as moot.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.